THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS D. FROE-LICK, Relator, *v.* MARK GRAVES and Others, Constituting the Tax Commission of the State of New York, Respondents.

Third Department, March 6, 1940.

*Lord, Day & Lord* [*Harry J. Rudick* of counsel], for the relator.

*John J. Bennett, Jr., Attorney-General* [*Joseph M. Mesnig, Assistant Attorney-General,* of counsel], for the respondents.

SCHENCK, J. This proceeding, under article 78 of the Civil Practice Act and sections 199 and 375 of the Tax Law, is brought to review a determination of the State Tax Commission, which denied relator's application for the refund of certain income taxes for the years 1935 and 1936. The sole question presented is whether or not the unincorporated business tax is an allowable deduction in computing net income.

Relator was a partner in a stock brokerage firm and as such was entitled to a five per cent share of the net earnings of the partnership. The combined tax and unincorporated business tax return for the years 1935 and 1936 showed relator's share for 1935 to have been $64,548.96 and for the year 1936, relator's share, as $85,174.63. Relator filed applications for refund based upon the partnership's " failure to deduct the unincorporated business tax imposed on the partnership before arriving at its net income subject to distribution among, and taxable to, the partners." He claimed refunds in the amount of $240.86 and $304.28 for the taxable years 1935 and 1936, respectively.

The Tax Law provides that in computing net income there shall be allowed as deductions:

" 3. Taxes, other than estate, inheritance, legacy, succession, gift and income taxes, paid or accrued within the taxable year, * * *. " (Tax Law, § 360.)

The unincorporated business tax was enacted in 1935 as a temporary revenue measure and has since been successively re-enacted. (Tax Law, art. 16-A, added by Laws of 1935, chap. 33.)

Substantially all of the procedural provisions of article 16, which relates to the personal income tax, will be found in article 16-A, which deals with the unincorporated business tax. (§ 386-j.)

The Commission is authorized to and does require the return of the unincorporated business tax to be made " a part of the return " of the taxpayer under the provisions of article 16, which relates to personal income tax, and has provided a combined personal income tax and unincorporated business income tax blank. (Form 204.)

This court held in *Black* v. *Graves* (257 App. Div. 176; affd., 281 N. Y. 792) that an income tax is an excise for the privileges and immunities which the State provides and its residents enjoy, and is not a tax on property nor a levy on the source of the income.

Here we have a situation different from that in the case of a corporation. The franchise tax on corporations, while measured by net income, is not an income tax. The corporation tax is levied upon a franchise granted by the State whereby the corporation obtains certain benefits, especially those as to liability, not afforded an individual. (*Flint* v. *Stone Tracy Co.*, 220 U. S. 107, at p. 162; *Educational Films Corp.* v. *Ward*, 282 id. 379, at p. 389.) The unincorporated business tax is not levied upon a franchise but is imposed upon the entire net income of any unincorporated business.

While an endeavor to spell out the intent of the Legislature does not lead to a very satisfactory result, it would appear that the placing of article 16-A, entitled " Temporary emergency tax on net incomes of unincorporated businesses," so that the same follows article 16, entitled " Taxes upon and with respect to personal incomes," has some significance. I am not unmindful of the fact that the characterization of a tax by the Legislature or the name by which the tax is described is immaterial (*Franklin Society* v. *Bennett*, 282 N. Y. 79), but it would seem in this case that the Legislature had in mind an emergency tax in the form of an income tax based on the entire net income of an unincorporated business, and in the absence of statutory authority or court decision, it may not be presumed that this tax is deductible. Courts generally have refused to favor exemption from taxation. (*Matter of Board of Education, Jamestown,* v. *Baker,* 241 App. Div. 574; affd., 266

N. Y. 636; *County of Herkimer* v. *Village of Herkimer*, 251 App. Div. 126.)

" A grant of immunity to persons who, or property which, would otherwise be liable to assessment is never presumed. It will not be recognized unless granted in terms too plain to be mistaken. If there is any doubt as to the intent of the Legislature, it must be resolved in favor of the taxing power." (*County of Herkimer* v. *Village of Herkimer, supra.*)

I an inclined to the belief that the Legislature intended that the unincorporated business tax should be an emergency income tax which may not be deducted and hence falls within the provisions of subdivision 3 of section 360, which prohibits the deduction of income taxes.

The determination of the State Tax Commission should be confirmed.

HILL, P. J., BLISS, HEFFERNAN and FOSTER, JJ., concur.

Determination of the State Tax Commission unanimously confirmed, with fifty dollars costs and disbursements.