Memorandum. The judgment of the Appellate Division should be affirmed.
The New York City Unincorporated Business Income Tax Law (Administrative Code of City of New York, ch 46, tit S) is not unconstitutional as violative of equal protection principles. It is well settled that "in taxation, even more than in other fields, legislatures possess the greatest freedom in classification” (Madden v Kentucky, 309 US 83, 88; Shapiro v City of New York, 32 NY2d 96) and that the burden is on the one asserting the statute’s constitutional infirmity to demonstrate the absence of any "conceivable state of facts which would support” the classification (Carmichael v Southern Coal Co., 301 US 495, 509; Lawrence v State Tax Comm., 286 US 276). The statute will be upheld unless "the difference in treatment *1076 is an invidious discrimination” (Lehnhausen v Lake Shore Auto Parts Co., 410 US 356, 359, rehearing den 411 US 910). The appellant has failed to meet this heavy burden.
Nor does the imposition of this tax constitute a violation of due process. By section 2 of chapter 772 of the Laws of 1966 the Legislature empowered the city to create the tax and therefore its imposition does not constitute an unconstitutional taking of property (Matter of United States Steel Corp. v Gerosa, 7 NY2d 454).
Finally, section 1231 of the Tax Law did not bar the enactment of the unincorporated business income tax. It is sufficient to note that that section deals only with taxes based on gross income or gross receipts whereas the instant tax is based on net income.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Judgment affirmed, with costs, in a memorandum.