In the Matter of G. H. WALKER & Co. et al., Petitioners, v
STATE TAX COMMISSION, Respondent.

Third Department, April 13, 1978

**APPEARANCES OF COUNSEL**

*White & Case (Gwynne H. Wales* and *Emanuel G. Demos* of counsel), for petitioners.

*Louis J. Lefkowitz, Attorney-General (Francis V. Dow* and *Ruth Kessler Toch* of counsel), for respondent.

**OPINION OF THE COURT**

MIKOLL, J.

Petitioner, G. H. Walker & Co. (hereinafter Walker), its nonresident partners and their spouses, during the years in question engaged in the business of investment banking and stock brokerage as a partnership both within and without New York. Walker had three main regional offices located in New York City, St. Louis, Missouri, and Providence, Rhode Island, with branch offices in each respective area. The partnership held a seat on the New York Stock Exchange and was an associate member of the American Exchange. Walker was very decentralized and its capital was allocated on a percentage basis among the three main regional offices. In order for Walker to participate as a member of an underwriting syndicate in a securities distribution, the consent of the managing partners of each regional office was usually required. The partnership agreement provided for compensation of the partners dependent upon the relative performance of the office in which they were located. Walker's books reflected the activities of each office separately. Separate accounts were also maintained for each branch office.

The commission found that the books clearly disclosed the income and expenses of its New York operation. In its tax returns, Walker reported its underwriting income from securities it sold to the retail market as earned by each regional office in proportion to the amount sold by each such office. When a selected dealer was used, the profit and loss was allocated in proportion to the capital allotted to each regional office. The commission rejected this allocation and determined that 100% of underwriting profits were attributable to New York when the syndicate manager's principal office was located in New York. Walker's brokerage income on exchanges originating outside of New York was divided pursuant to an agreement among the partners providing that the New York office would receive 35% of the gross commissions. The commission rejected this allocation and applied a 40% allocation rule authorized by its regulations.

Petitioners first contend that the commission's deliberate and unreasonable delay in holding a hearing on their petitions for a redetermination of notices of deficiency resulted in a denial of due process requiring annulment of the commission's determination. This is certainly not persuasive as to the petition relating to the years 1962-1970. The hearing occurred

within two years of the demand, that is, on June 26, 1974. As to the petition dealing with the period of 1960-1961, the delay in granting a hearing was extensive, some nine and one-half years later. Although some part of the delay was attributable to settlement negotiations, the government unduly procrastinated in the negotiations. The petitioners were encouraged to believe that approval of a settlement was forthcoming only to have it finally withdrawn. The petitioners earnestly sought, enjoined and pursued an early disposition of the matter. However, this is only material if the delay in the administrative adjudication significantly or deliberately interfered with petitioners' capacity to prepare or present their case. In the record of the proceedings, there has been no showing of such prejudice and, absent this condition, we conclude due process was accorded petitioners (*Matter of O'Keefe v Murphy*, 38 NY2d 563). We note additionally that the State cannot be estopped from collecting taxes lawfully imposed and remaining unpaid in the absence of statutory authority (*Matter of McMahan v State Tax Comm.*, 45 AD2d 624).

Petitioners also contend that the commission arbitrarily disallowed deductions or compelled the use of the standard deduction in assessing deficiencies against several nonresident petitioners. These issues raised by the individual petitioners were not litigated at the hearing. A stipulation was entered into at the hearing by the individual petitioners and respondent to the effect that New York personal income would be increased by their distributive share of any increase in the partnership's income allocated to New York by the commissioner's determination. Petitioners did not agree to otherwise drop their complaints about the calculation of deficiency assessments. Further proceedings as to the individual petitioners were clearly anticipated. We conclude that the stipulation amounted to an agreement to defer consideration of the individual claims until the main issue was determined. This matter must be remitted for a hearing on the challenge by petitioners to the method of calculating tax deficiencies asserted against the individual petitioners.

As to petitioners' other two contentions, that the tax bureau's allocation to New York of all primary underwriting profits received by Walker as a member of a syndicate managed by a New York member is arbitrary, and that the regulation allocating to New York 40% of all commission income from the trading of listed securities is also arbitrary,

these issues have been resolved by this court in *Matter of Bradford & Co. v State Tax Comm.* (62 AD2d 78). These issues must be remitted to the commission for further proceedings to ascertain a fair and equitable allocation of petitioners' earnings on the underwriting syndications and on the trading of listed securities.

The determination should be annulled, without costs, and matter remitted for further proceedings not inconsistent herewith.

SWEENEY, J. P., KANE, STALEY, JR., and LARKIN, JJ., concur.

Determination annulled, without costs, and matter remitted for further proceedings not inconsistent herewith.