■ In the Matter of HERBERT JABLIN et al., Petitioners, v STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which assessed a deficiency against petitioners under article 22 of the Tax Law for the years 1968, 1969 and 1970. Prior to joining a New York partnership, petitioner Herbert Jablin, a resident of Illinois as is his copetitioner wife, had earned his living as a commission salesman of securities. In 1968, he became a general partner of Hallgarten & Co., a New York stock brokerage firm, and worked out of its Chicago office. A letter agreement between petitioner and Hallgarten provided that in addition to participating in the partnership's profits, petitioner was to receive a certain percentage of the commissions received by Hallgarten from transactions personally attributable to and developed by petitioner. The agreement also pointed out that all commissions or compensation (other than meeting fees as a director) earned on transactions entered into in connection with the business of Hallgarten were required by the partnership agreement to be turned over to Hallgarten. Petitioner received from Hallgarten, in addition to his share in its profits, commission income as provided in the letter agreement. Petitioner filed New York State nonresident income tax returns for the years 1968, 1969 and 1970, allocating only a small portion of his total income from Hallgarten as taxable by New York State. The State Tax Commission, however, found that the amount of his distributive share of Hallgarten's income which petitioner allocated as taxable by New York was insufficient; it accordingly assessed a tax deficiency against petitioner totaling $17,366.85. Petitioner filed petitions for redetermination of the deficiency, contending that the commission income which he received from Hallgarten was not a distributive share of partnership income because under the letter agreement, it was earned in petitioner's capacity as a salesman-employee of the partnership and not as a partner; and since the commission income was not derived from or connected with New York sources, it was not taxable by New York. The State Tax Commission sustained the deficiency assessment, concluding that the income distributions to petitioner were subject to the same allocation figures used by the partnership (which were considerably higher than the allocation figure used by petitioner) because they constitute a distributive share of partnership

income to a partner. Article 22 of the Tax Law provides that to determine the New York adjusted gross income of a nonresident partner of any partnership, "there shall be included only the portion derived from or connected with New York sources of such partner's distributive share of items of partnership income, gain, loss and deduction entering into his federal adjusted gross income" (Tax Law, § 637, subd [a], par [1]). Thus, a nonresident partner must include in his New York adjusted gross income that portion of his distributive share of partnership income which is attributable to partnership business in New York. The issue presented herein is whether the commissions paid to petitioner were a distributive share of partnership income within the meaning of section 637 of the Tax Law. Petitioner's position is that such income does not constitute a distributive share embraced by section 637, but rather is compensation for personal services performed outside of New York State. Petitioner, citing subdivision (c) of section 707 of the Federal Internal Revenue Code (US Code, tit 26), reasons that the commission income is in the nature of a guaranteed payment from the partnership since it is determined without regard to the income of the partnership, and that, therefore, the payments do not constitute a distributive share of partnership income. Petitioner's reliance upon Federal tax principles, however, is misplaced. Terms used in the Tax Law are to be accorded the same meaning as those used in a comparable context in the Federal Internal Revenue Code "unless a different meaning is clearly required" (Tax Law, § 607, subd [a]). Section 637 (subd [b], par [1]), which provides special rules with respect to the sources of a nonresident partner's income, requires that in determining the sources of a nonresident partner's income, "no effect shall be given to a provision in the partnership agreement which—(1) characterizes payments to the partner as being for services". In our view, regardless of the treatment given commission income under Federal law, this provision clearly requires that payments to a partner for services must be included in a partner's distributive share of partnership income (cf. *Matter of Faulkner, Dawkins & Sullivan v State Tax Comm., 63 AD2d 764*). Since the construction and application of this provision by the State Tax Commission rests on a rational basis, and is not contrary to law, the determination should not be disturbed. *(Matter of Pell v Board of Educ., 34 NY2d 222, 230-231; Matter of Howard v Wyman, 28 NY2d 434, 438.)* Petitioner's claim that applying this provision to his case exalts form over substance in that there existed a legitimate business purpose in the arrangement which he had with Hallgarten; that his status as a partner was merely nominal and for convenience only; and that he did not designate himself as partner is unpersuasive (see *Matter of Ter Bush & Powell v State Tax Comm., 58 AD2d 691*). Although its determination should be confirmed, the State Tax Commission failed to consider the deductibility of expenses incurred by petitioner in generating his commission income taxable by New York (see Tax Law, § 632, subd [b]). We, therefore, remit the case for further proceedings consistent herewith. Determination confirmed, without costs, and matter remitted to the State Tax Commission for further proceedings consistent herewith. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Larkin, JJ., concur.