■ In the Matter of JOSEPH HELMRICH, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained unincorporated business taxes imposed under article 23 of the Tax Law for the taxable years 1968 through 1972, inclusive. During the years 1968 through 1972, petitioner, a sales representative for Hanover Mills, Inc., was engaged in selling synthetic yarns. While he filed New york State personal income tax returns for the years in question, he did not file unincorporated business tax returns for those years. Respondent,

however, concluded after a hearing that he was subject to such taxes. This CPLR article 78 proceeding was commenced to annul respondent's determination. In 1968, petitioner entered into an oral agreement with the president of Hanover Mills whereby petitioner was to sell yarn on a salary and commission basis. No taxes or Social Security were withheld by Hanover Mills for that year. Petitioner rented an office and signed a lease. All expenses connected with the office, including a secretary, were paid for by Hanover Mills or one of its affiliates. The following year a new agreement was made increasing petitioner's salary. After the 1969 agreement, Social Security and Federal taxes were withheld. Petitioner was also included in Hanover Mills' profit-sharing plan and a life and health insurance plan. The record also reveals that petitioner participated in a "Keogh" plan during the years in question. On his Federal Schedule C for 1972 he listed his principal business activity as "sales representative" and his business name as Helmrich Textiles. On said form he claimed various deductions for business expenses, including rent, insurance, legal and professional fees and telephone. Petitioner also engaged in several private merger and acquisition activities where the expenses incurred were not reimbursed by Hanover. Finally, the record fails to show any substantial control over petitioner's sales activities. Initially we reject petitioner's contention that respondent's determination not to reopen the hearing was arbitrary and capricious. The record demonstrates that petitioner was represented at the hearing by a competent CPA of his choice who was thoroughly familiar with petitioner's affairs. Furthermore, the evidence petitioner wished to offer was available to him at the time of the hearing (*Matter of Dudley v Brown, Harris & Stevens,* 35 AD2d 1040). The central issue presented is whether there is substantial evidence in the record to sustain respondent's determination that petitioner was an independent contractor and not an employee. While the case is a close one, we believe there is. Petitioner had the burden of overcoming the assessment (*Matter of Liberman v Gallman,* 41 NY2d 774). Considering the record in its entirety and particularly the significant fact that there is a paucity of proof concerning how petitioner's sales methods were conducted, we are of the view that the determination should be confirmed (*Matter of Liberman v Gallman, supra; Matter of Minken v State Tax Comm.,* 60 AD2d 420, affd 45 NY2d 991). Determination confirmed, and petition dismissed, without costs. Sweeney, J. P., Kane, Staley, Jr., Main and Mikoll, JJ., concur.