■ In the Matter of Sabino J. Berardino et al., Petitioners, v New York State Tax Commission, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission, which sustained a personal income tax assessment imposed under sections 612 and 617 of the Tax Law. Petitioner filed a New York State income tax return for 1972 while he was a partner in a New York City law firm which paid unincorporated business income taxes to the city. These taxes were deducted by the partnership on its Federal return and in computing the partners' distributive share of the partnership income. On petitioner's individual New York State income tax return, he did not add back to his adjusted gross income his distributive share of that deduction. For that reason, respondent determined that petitioner owed $374.10, plus interest, in personal income taxes. Under Federal tax law, the individual partner and not the partnership is the taxpaying entity (US Code, tit 26, § 701). An information return is filed for the partnership which reports its taxable income (US Code, tit 26, § 6031). Each partner must then report his distributive share of the partnership's taxable income as part of his individual gross income (US Code, tit 26, § 61, subd [a], par [13]). Petitioner claims that, since the New York City Unincorporated Business Income Tax was deducted by the partnership as a business expense in computing its taxable income, he was entitled to deduct his portion of the New York City Unincorporated Business Income Tax. We disagree. We concur in respondent's holding that the New York City Unincorporated Business Income Tax is a local income tax which must be added to the distributive share of petitioner's adjusted gross income as reported on his New York State Personal Income Tax return. Although the New York State income tax scheme is patterned after the Federal income tax, there are a number of items, including State and local income taxes, which are deductible under the Federal income tax law, but not under the State income tax law (US Code, tit 26, § 164, subd [a], par [3]; Tax Law, § 612, subd [b], par [3]; § 615, subd [c], par [1]). The determination of the State Tax Commission that the New York City Unincorporated Business Income Tax is an "income tax" is

amply supported by the Tax Law. An income tax has been defined as "A tax relating to the product or income from property or from business pursuits; a tax on the yearly profits arising from property, professions, trades, or offices" (Black's Law Dictionary [4th rev]). Here, the tax is expressly imposed on the "taxable income of every unincorporated business wholly or partly carried on within the [C]ity [of New York]" (Administrative Code of City of New York, S46-3.0). Furthermore, we have held that the New York State Unincorporated Business Income Tax (after which the New York City Unincorporated Business Income Tax is patterned) is an income tax such that it is not deductible for purposes of New York State Personal Income Tax *(People ex rel. Froelick v Graves,* 259 App Div 30). We have examined the remainder of petitioner's contentions and find them to be without merit. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.