■ In the Matter of RICHARD B. WEBSTER et al., Petitioners, v JAMES H. TULLY, JR., et al., Constituting the State Tax Commission, Respondents. (And Three Other Proceedings.) — Proceedings pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review determinations of the State Tax Commission which sustained personal income tax assessments imposed under article 22 of the Tax Law. Petitioners[1] are citizens of the United States and are also partners in a large international law partnership which maintains offices in New York City, Washington, D.C., Paris, France and Brussels, Belgium. During the years in question in these proceedings, 1969 and 1970, they resided and worked exclusively in Paris and Brussels. Notice of deficiency for personal income taxes were issues to petitioners for 1969 and 1970[2] wherein the Income Tax Bureau stated that petitioners had used an incorrect method in allocating New York sources of their distributive partnership income. For the two tax years petitioners had calculated their New York source income by first subtracting, as an exclusion, $25,000 from their shares of the distributive partnership income pursuant to section 911 of the Internal Revenue Code (US Code, tit 26, § 911) and then multiplying the resultant figures by the percentage of firm income derived from New York sources. Rejecting this method, the Income Tax Bureau ruled that petitioners' New York source income must be computed by first multiplying their entire distributive partnership share by the percentage of firm income derived from New York sources. If the resultant figures exceed petitioners' Federal adjusted gross incomes, then the $25,000 exclusion is allowed to the extent of reducing petitioners' New York incomes to their Federal adjusted gross incomes, but if the resultant figures do not exceed petitioners' Federal adjusted gross incomes, then no section 911 exclusion is subtracted. At petitioners' request, a hearing was held on this dispute, after which the State Tax Commission sustained the notices of deficiency. The instant proceedings ensued and were transferred by Special Term to this court. We hold that the determinations of the Tax Commission are erroneous as a matter of law and should be annulled. Pursuant to subdivision (a) of section 607 of the Tax Law, any term used in article 22 of the Tax Law, such as adjusted gross income, has "the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required", and subdivision (b) of section 617 of the Tax Law similarly provides that "Each item of partnership income,

1 Mrs. Webster and Mrs. Kelly are petitioners solely because they filed joint returns with their husbands. The term "petitioner" hereinafter will refer only to the four law partners.

2 Petitioner Holley was issued a notice of deficiency only for 1970.

gain, loss, or deduction shall have the same character for a partner under this article as for federal income tax purposes". Applying these statutory principles of conformity of New York tax law to Federal tax law in the present proceedings, we hold that, in calculating their New York State adjusted gross incomes, petitioners should have been permitted to exclude initially $25,000 from their distributive partnership shares as provided in section 911 of the Internal Revenue Code and approved· by the Internal Revenue Service. Any other conclusion would depart from the statutorily mandated conformity of New York tax law to Federal tax law in the absence of a statutory provision wherein "a different meaning is clearly required" (Tax Law, § 607, subd [a]; cf. *Matter of Jablin v State Tax Comm.,* 65 AD2d 891). In so ruling, we lastly note that a different holding is not required because of petitioners' agreements with the law partnership to the effect that their entire distributive partnership shares of income from the partnership were payable solely out of income from sources outside of the United States. Although these agreements might well be given no effect by the Tax Commission (see Tax Law, § 637, subd [b], par [2]), they do not justify denying petitioners the full benefit of the section 911 exclusion when they compute their New York adjusted gross incomes because their entitlement to the exclusion is based on Federal and State law and not in any way dependent upon the agreements with the partnership. Determinations annulled, with costs, and matters remitted to the State Tax Commission for further proceedings not inconsistent herewith. Main, J. P., Casey and Weiss, JJ., concur.

Yesawich, Jr., and Herlihy, JJ., dissent and vote to confirm in the following memorandum by Herlihy, J. Herlihy, J. (dissenting). The critical distinction in this case between New York gross income and Federal gross income is in the initial determination of the amount to be reported as such before deductions. It would seem apparent that New York State has an interest in assuring that as to New York based partnerships the income earned in New York be taxable. The respondents' construction of subdivision (a) of section 607, subdivision (b) of section 617, section 632 (subd [a], par [1]) and section 637 (subd [b], par [2]) of the Tax Law is neither irrational nor illegal. Allowance of the Internal Revenue Code section 911 exclusion prior to a computation of New York income would result in a New York taxable income less than the income reported for Federal purposes. Such a result is implicitly contrary to legislative intent as expressed in section 637 (subd [b], par [2]) of the Tax Law in regard to partnership agreements. Under such circumstances, we cannot conclude that the Tax Commission was without a rational basis for determining that the allowance of Federal deductions as required by subdivision (b) of section 617 was intended to be limited so that New York source income would not be less than its true relation to earnings, but also will not exceed Federal gross income. (Cf. *Matter of Jablin v State Tax Comm.,* 65 AD2d 891, 892.) Since the Tax Commission's construction and application of section 637 (subd [b], par [2]) rest on a rational basis, and are not contrary to law, the determinations should not be disturbed *(Matter of Pell v Board of Educ.,* 34 NY2d 222). The determinations should be confirmed and the petitions dismissed.