■ In the Matter of John Bower et al., Petitioners, v New York State Tax Commission, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review determinations of the State Tax Commission sustaining personal income tax assessments imposed under sections 612 and 617 of the Tax Law. Petitioners, all partners or spouses of partners in the same New York City law firm, initially contend that, except with respect to petition-

ers Bartlett, the respondent commission is precluded from challenging their petitions seeking redetermination of the deficiencies asserted against them for it failed to observe its own regulation which states, "[t]he law bureau shall serve an answer" (20 NYCRR 601.6 [a] [1]). What the regulation contemplates, however, is that the commission's default in serving an answer merely prohibits it from contesting the *factual* allegations of a petition, which then are deemed admitted. Here the petitions, which are identical, set forth merely conclusory assertions that the tax imposed is illegal and otherwise improper. Indeed, at the small claims hearing, petitioners' counsel represented that the issue presented was solely one of law. In these circumstances, we are unconvinced that the commission's failure to respond to those allegations prejudiced petitioners in any way or failed to apprise them of the commission's defense, which was simply reliance upon the law as established by this court. Petitioners' substantive argument that the New York City Unincorporated Business Tax is a business excise tax, rather than an income tax, and that, therefore, it should be an allowable deduction in computing net income for State income tax purposes, was considered and expressly rejected in *Matter of Berardino v New York State Tax Comm.* (78 AD2d 936). We see no reason to depart from that holding. Determinations confirmed, and petition dismissed, with costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.