OPINION OF THE COURT
Memorandum.
The judgments of the Appellate Division should be affirmed, with costs.
Section 632 (subd [a], par [1]) of the Tax Law defines the adjusted gross income of a nonresident individual. It requires the inclusion of “The net amount of * * * income * * * entering into his [the taxpayer’s] federal adjusted gross income, as defined in the laws of the United States for the taxable year, derived from or connected with New York sources”. (Italics supplied.) It is undisputed that under Federal law $25,000 is excluded from, and therefore does not enter into, Federal adjusted gross.
Section 632 (subd [a], par [1], cl [A]) includes within New York adjusted gross the taxpayer’s distributive share of partnership income determined under section 637. The latter section defines the portion of a nonresident partner’s income derived from New York sources as including “only the portion derived from or connected with New York sources of such partner’s distributive share of items of partnership income *** entering into his federal adjusted gross income, as such portion shall be determined under regulations of the tax commission consistent with the applicable rules of section six hundred thirty-two” (emphasis supplied). As already noted, the taxpayer’s gross as defined by section 632 excludes $25,000.
*535 The necessity for add-backs to overcome the effect of Federal exclusions is recognized in subdivision (c) of section 637, which requires modification of a nonresident partner’s income pursuant to section 612. Yet subdivision (b) of section 612, which meticulously provides in some 22 separate paragraphs (a number of which speak to items “not properly includible in federal adjusted gross” [e.g., par 1], or “not included in federal adjusted gross income” [e.g., par 20] or the “amount allowed as an exclusion or deduction” [e.g., pars 13, 15]) for such add-backs, says nothing about the $25,000 Federal exclusion from a nonresident’s earned income.
The provisions of subdivision (b) of section 617 and section 637 (subd [b], par [2]), relied on by the dissent below, which ignore for State tax purposes a partnership agreement provision concerning treatment of income even though sanctioned by Federal law, are simply beside the point, for the $25,000 exclusion is a product of the Federal tax law, not any partnership agreement.
The result sought to be accomplished by the Tax Commission may well be the fairer or more reasonable way to tax nonresident partnership income but without an amendment to section 612 to require that the $25,000 exclusion be added back, or of sections 632 and 637 to use some phrase other than “entering into”, is beyond the authority of the commission to impose.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
In each case: Judgment affirméd, with costs, in a memorandum.