■ In the Matter of AXEL H. BAUM et al., Petitioners, v STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of respondent which sustained a personal income tax assessment imposed under article 22 of the Tax Law. Petitioner Axel H. Baum is a partner in a law firm which has its principal office in New York City, and for the period at issue here, 1967 through 1974, he and his wife,

petitioner Sonja G. Baum, maintained their residence in France where Axel H. Baum was the partner in charge of the firm's Paris office.[*] During the years 1967 through 1974, petitioner had no percentage interest in the profit or loss of the firm, but instead was compensated at a fixed monthy rate, and he filed no New York State income tax returns for those years. Subsequently, after the Income Tax Bureau of the State Department of Taxation and Finance determined that petitioner had income from the firm allocable to New York during the years in question, two notices of deficiency were issued to petitioner covering income tax assessments for those years, and petitioner then requested a redetermination of the alleged deficiencies. Following a formal hearing on the matter, respondent sustained the assessments, and the instant proceeding followed. The challenged determination should be confirmed. Admittedly, guaranteed payments, such as received by petitioner here, have been determined by the Internal Revenue Service to be excludable from gross income and exempt from Federal income taxation under section 911 of the Internal Revenue Code, and petitioner argues that his payments from the firm must consequently be treated in the same way for New York income tax purposes as for Federal income tax purposes. The settled law on this question, however, is that terms used in the State Tax Law shall be interpreted in conformity with Federal tax law "unless a different meaning is clearly required" (Tax Law, § 607, subd [a]; *Matter of Webster v Tully,* 82 AD2d 976, affd 56 NY2d 532), and here a different meaning is plainly mandated by statute. Subdivision (b) of section 637 of the Tax Law provides that no effect is to be given to a partnership agreement insofar as it characterizes payments to a partner as being for services rendered, and this statutory provision clearly requires the conclusion that the guaranteed monthly payments to petitioner were distributions of partnership income and not payments for services rendered. Such being the case, respondent could properly treat the payments as income connected with a New York source and subject to New York State income taxation (cf. *Matter of Jablin v State Tax Comm.,* 65 AD2d 891). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.

---

* Since this proceeding concerns only income derived by Axel H. Baum, he will henceforth be referred to as "petitioner".