■ In the Matter of CLASSIC POOLS, INC., et al., Petitioners, v NEW YORK STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review determinations of the State Tax Commission which sustained two sales and use tax assessments imposed under articles 28 and 29 of the Tax Law. Petitioners, a related corporation and unincorporated business and their principal officer, seek to review two separate determinations made by respondent after separate hearings which imposed additional assessments of sales and use taxes against petitioners on the ground that they failed in each case to sustain their burden of establishing error. Regarding the assessment against petitioner Classic Pools, Inc., the sole contention raised in this proceeding is that Classic Pools was deprived of a fair administrative hearing in that it was denied an opportunity to submit documentary evidence in support of its position. While it is true that a review of the hearing transcript indicates that Classic Pools' representative at the hearing, a certi-

fied public accountant, indicated on several occasions that he had present with him documents which would support his client's position, the hearing was closed without these documents having been admitted into evidence following a statement by Classic Pools' representative to the hearing officer that he had "presented everything I've got for you". As such, respondent was forced to make its determination based upon the information available to it (Tax Law, § 1138, subd [a], par [1]). Classic Pools failed to overcome the presumption of subdivision (c) of section 1132 of the Tax Law and must suffer the consequences resulting from the failure of its representative to offer into evidence all available materials (*Matter of Helmrich v New York State Tax Comm.,* 70 AD2d 998). In its determination regarding petitioner William Cohen and his unincorporated business, respondent modified the decision of the Sales Tax Bureau to reflect the fact that Cohen's business was not in full operation during the audit period. Respondent did, however, order the Sales Tax Bureau to impose a sales tax on the total amount of rental income received by Cohen during the period (see Tax Law, § 1105, subd [a]). It is Cohen's contention that taxing the full amount of rental income received by his business during the audit period violated a stipulation made by all parties at the hearing to impose a sales tax on only 50% of Cohen's gross rentals, the other 50% being attributed to nontaxable rental income from real property. Petitioner Cohen's contention that the parties stipulated to impose a sales tax on only 50% of his company's total rental income is not supported by the record. A thorough reading of the hearing transcript discloses that, while the parties discussed the possibility that 50% of Cohen's rental income might be nontaxable, any "agreement" to be bound by such figure was made with the expectation that Cohen would provide documentation to support such an allocation. Such documentation was never produced. Moreover, even if we were persuaded that such an agreement were in fact made, it is doubtful that respondent would be bound by it in the absence of a written agreement by one or more of the members of the State Tax Commission (see Tax Law, § 171, subd Eighteenth; § 175). Absent such an agreement, which does not exist here, respondent cannot be estopped from collecting taxes lawfully imposed under the Tax Law (see *Matter of Sheppard-Pollack, Inc. v Tully,* 64 AD2d 296, 298; *Matter of Walker & Co. v State Tax Comm.,* 62 AD2d 77, 80). Accordingly, petitioner Cohen failed to sustain his burden of proof under subdivision (c) of section 1132 of the Tax Law since the only documents offered, Cohen's Federal tax returns, did not support the 50% allocation to rental income from real property. The determinations by respondent must, therefore, be confirmed. Determinations confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Kane, Casey and Yesawich, Jr., JJ., concur.