■ In the Matter of ROBERT SCOBEY, Petitioner, v NEW YORK STATE TAX COMMISSION, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the New York State Tax Commission which sustained the imposition of additional personal income tax against petitioner for the tax years 1974 and 1975. Subdivision (a) of section 612 of the Tax Law defines New York adjusted gross income as the taxpayer's Federal adjusted gross income with certain modifications. One of the modifications is the requirement that all income taxes imposed by this State or any other taxing jurisdiction, to the extent deductible in determining Federal adjusted gross income, be added to Federal adjusted gross income to determine New York adjusted gross income (Tax Law, § 612, subd [b], par [3]). Petitioner contends that the New York City unincorporated business tax, paid by the partnership of which petitioner was a member during the tax years at issue and deducted by the partnership on its Federal information returns, is not an income tax required to be added to his Federal adjusted gross income to determine his New York adjusted gross income. This court has previously rejected similar arguments (*Matter of Bower v New York State Tax Comm.*, 86 AD2d 932, 933; *Matter of Berardino v New York State Tax Comm.*, 78 AD2d 936), and petitioner has advanced no persuasive reason for departure from our

prior holdings. As to the constitutional challenge, petitioner has failed to carry his heavy burden of establishing that the classification constitutes invidious discrimination or is palpably arbitrary (see *Matter of Catapano Co. v New York City Fin. Admin.*, 40 NY2d 1074, app dsmd 431 US 910; *Shapiro v City of New York*, 32 NY2d 96, app dsmd 414 US 804; *Matter of Manganaro v Tully*, 88 AD2d 206). Petitioner, a nonresident, also contends that a portion of the income received by him from the partnership in the tax years at issue constituted direct payment for individual services rendered by petitioner and that he should be allowed to allocate this income on the basis of the percentage attributable to sources outside New York. The tax commission has determined that since the partnership made no such allocation, petitioner is not entitled to do so. Section 637 (subd [b], par [2]) of the Tax Law has the effect of precluding a partner from allocating his distributive share of partnership income to sources within and without the State in any greater proportion than the partnership itself allocates its income. Accordingly, where, as here, the partnership makes no allocation, the partners cannot allocate their distributive shares. Petitioner seeks to avoid the effect of the statute by characterizing the partnership's distribution to him as partly a distributive share of partnership income and partly a direct payment for individual services rendered. As to the latter payment, petitioner contends that the statute does not apply since it is not a distribution of partnership income. Section 637 (subd [b], par [1]) of the Tax Law specifically provides that no effect is to be given to a partnership agreement insofar as it characterizes payments to a partner as being for services rendered. We have previously sustained the tax commission's rejection of arguments similar to that advanced by petitioner herein (see *Matter of Baum v State Tax Comm.*, 89 AD2d 646, 647, mot for lv to app den 57 NY2d 607; *Matter of Yohalem v State Tax Comm.*, 70 AD2d 996, 997; *Matter of Jablin v State Tax Comm.*, 65 AD2d 891, 892), and we see no reason not to do so here as well. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.