In the Matter of GRAND UNION COMPANY, Petitioner, v JAMES H. TULLY, JR., et al., Constituting the Tax Commission of the State of New York, Respondents.

Third Department, July 21, 1983

**APPEARANCES OF COUNSEL**

*John W. Sinon, P. C.,* for petitioner.

*Robert Abrams, Attorney-General (Lawrence J. Logan* and *William J. Kogan* of counsel), for respondents.

**OPINION OF THE COURT**

CASEY, J.

Petitioner challenges a determination of the State Tax Commission insofar as it sustained the denial of petitioner's refund claim seeking credit beyond that allowed by the department for sales and use taxes paid in the purchase of

electricity used in meat refrigeration, which is exempt pursuant to subdivision (c) of section 1115 of the Tax Law. Petitioner contends that the commission's refusal to apply a formula contained in a "Sales Tax Information Letter" issued by the department is arbitrary and capricious, irrational and constitutes a denial of equal protection.

We begin by noting that the information letter is not a rule or regulation. To the extent that it is contrary to any provision of the Tax Law or duly promulgated rule or regulation, it is invalid (see *Matter of Building Contrs. Assn. v Tully,* 87 AD2d 909, 911). Moreover, the department's use, in part, of the formula contained in the information letter cannot estop the commission from collecting taxes lawfully imposed (see *Matter of Classic Pools v New York State Tax Comm.,* 90 AD2d 621, 622).

Turning to the rationality of the commission's determination, it is uncontested that electricity used by petitioner's stores in the refrigeration of meats is electricity used directly and exclusively in the production of tangible personal property and that the exemption contained in subdivision (c) of section 1115 of the Tax Law is applicable. Since petitioner's stores do not have separate meters for meat refrigeration equipment, the electricity used by such equipment must be estimated. The information letter at issue contains a formula for estimating the taxable portion of electricity used by "manufacturers" when a single meter is used for both exempt and nonexempt purposes. In calculating the taxable percentage, the formula takes into account only 50% of the electricity used by motors not directly involved in production, such as those used in air conditioning and heating of the plant. Since a substantial portion of petitioner's electricity costs are due to the air conditioning of its stores, the formula would work to petitioner's advantage.

The commission declined to use the formula, concluding that it was applicable to manufacturers, not retailers such as petitioner, only a portion of whose business consisted of the production of tangible personal property. Contrary to petitioner's assertion, we find nothing arbitrary or irrational in the commission's decision. In contrast with a manufacturer who engages only in the production of tangi-

ble personal property and whose electricity costs used in such production are usually large in comparison to its nonexempt electricity costs, retailers use much of their electricity in the air conditioning, heating and lighting of their stores for the convenience of their customers and for other purposes related to their retail operation. Thus, the ratio of exempt use to nonexempt use tends to be smaller for retailers than for manufacturers. Similarly, the proportion of electricity used by a manufacturer in heating and air conditioning is usually relatively small compared to the electricity used in production, and it is reasonable to assume, as the formula in the information letter does, that 50% of the electricity used for such purposes is used to create conditions necessary for production (see 20 NYCRR 528.22 [c] [1] [ii]). The same cannot be said for retailers such as petitioner, only a small portion of whose business is the production of tangible personal property, particularly where, as here, it is uncontested that electricity used by petitioner in the heating and air conditioning of its stores is not directly related to its production of tangible personal property. Accordingly, it cannot be said, as petitioner argues, that the commission's decision not to apply the formula to petitioner's electricity usage lacks rationality or is arbitrary and capricious.

The commission also concluded that a survey of electrical usage in petitioner's New York stores provided an ample factual basis for determining the taxable percentage and the exempt percentage and that, therefore, use of the formula contained in the information letter was not necessary. Petitioner does not contend that the figures in the survey are inaccurate; indeed, the survey was prepared and submitted by petitioner. Accordingly, there is an additional rational basis for the commission's decision not to apply the formula.

In view of the foregoing conclusions, petitioner's equal protection argument must be rejected. Petitioner has the heavy burden of showing an invidious discrimination (see *Matter of Catapano Co. v New York City Fin. Admin.,* 40 NY2d 1074), and since there is a rational basis for the treatment accorded petitioner in the commission's applica-

tion of the taxing statutes, that heavy burden has not been met.

Finally, having passed on the rationality of the commission's decision not to apply the formula, we need not consider petitioner's contention that the commission erred in applying the Statute of Limitations as an alternative ground for denying the refund.

The determination should be confirmed, and the petition dismissed, without costs.

MAHONEY, P. J., SWEENEY, MIKOLL and WEISS, JJ., concur.

Determination confirmed, and petition dismissed, without costs.