■ In the Matter of FRANCIS X. BYRN et al., Appellants, v RODERICK G. W. CHU et al., Constituting the Tax Commission of the State of New York, Respondents. — Appeal from a judgment of the Supreme Court at Special Term (Williams, J.), entered August 30, 1983 in Albany County, which denied petitioners' application, in a proceeding pursuant to CPLR article 78, to annul a determination of the State Tax Commission denying petitioners' request for redetermination of notices of deficiency of personal income taxes for the years 1973 and 1974.

Petitioner Francis X. Byrn, a Nassau County resident who is a partner in a New York City law firm, and his wife seek review of respondents' determination that the New York City unincorporated business tax is not a proper deduction from New York State personal income taxes, and that petitioners must add back to their joint New York State adjusted gross income their allocable amount of the unincorporated business tax paid by the law firm and taken by them as a deduction on their Federal income tax return. When their petition for redetermination of notices of deficiency for their 1973 and 1974 income tax was denied, petitioners waived a formal administrative hearing on their petition and submitted the matter to respondents for resolution on the basis that only legal issues were raised. Respondents' rejection of the petition was confirmed by Special Term, giving rise to this appeal.

Because this court has clearly held the New York City unincorporated business tax is an income tax that is not a deduction in computing a taxpayer's New York State adjusted gross income (see *Matter of Scobey v New York State Tax Comm.,* 95 AD2d 905; *Matter of Bower v New York State Tax Comm.,* 86 AD2d 932; *Matter of Berardino v New York State Tax Comm.,* 78 AD2d 936), the judgment dismissing the petition must be affirmed. Petitioners' contention that the tax is a franchise tax

assessed on unincorporated business similar to the corporation franchise tax is without merit (see *People ex rel. Tower v State Tax Comm.,* 282 NY 407). Moreover, the tax is imposed on the taxable income of every unincorporated business wholly or partly carried on in New York City (Administrative Code of City of New York, § S46-3.0, subd [a]). Since income taxes imposed by the State or any other taxing jurisdiction, to the extent deductible in determining Federal adjusted gross income, must be added back to New York State adjusted gross income (Tax Law, § 612, subd [b], par [3]), respondents' determination was proper and should not be disturbed.

Petitioners have invited us to revisit *People ex rel. Froelick v Graves* (259 App Div 30), decided by this court on March 6, 1940. Petitioners maintain that *Froelick* was bottomed on the erroneous premise that the corporate franchise tax was distinct from the State unincorporated business tax. Specifically, petitioners' thesis is that the State unincorporated business tax was akin to the corporate franchise tax, "if not its lineal descendant". Moreover, since the corporate franchise tax was not one of income *(People ex rel. Froelick v Graves, supra,* p 31) then, ergo, the State unincorporated business tax would similarly not be one of income. Petitioners' contention in this respect must be rejected. Petitioners bottom their argument upon *People ex rel. Tower v State Tax Comm. (supra)*, which concededly was not considered by this court in *People ex rel. Froelick v Graves (supra)*. Examination of *People ex rel. Tower v State Tax Comm. (supra)* demonstrates that the issue was whether a customs brokerage business qualified for the exemption from the State unincorporated business tax accorded to the practice of law, medicine, dentistry, architecture or any other profession (Tax Law, § 386). While the court, purely in dictum, indicated that the tax imposed did offset the burden upon corporations in the form of the franchise tax, the court also clearly recognized that the tax was one imposed upon the net income of an unincorporated business *(People ex rel. Tower v State Tax Comm., supra,* p 409). Accordingly, we decline petitioner's invitation to overrule established precedent set forth by *People ex rel. Froelick v Graves (supra)* and its progeny.

Petitioners' remaining arguments are unpersuasive. Any delay caused in these proceedings will not constitute a waiver by the State of its right to interest on the unpaid taxes due. Delay alone, absent a showing of prejudice, is not a denial of due process *(Matter of Walker & Co. v State Tax Comm.,* 62 AD2d 77, 79-80). Finally, petitioners' request that this court grant leave to appeal to the Court of Appeals in the event they are unsuccessful in this appeal is premature.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.