■ In the Matter of MICHAEL GAGLIARDI, Petitioner, v DEPARTMENT OF MOTOR VEHICLES, Respondent.—Mikoll, J. Proceeding pursuant to CPLR article 78 (transferred to this

court by order of the Supreme Court, entered in Ulster County) to review a determination of respondent which revoked petitioner's driver's license.

Petitioner was arrested on August 18, 1987 for driving while intoxicated. In this proceeding he contends that Supreme Court erred in failing to remit the matter to respondent for further administrative hearings based on petitioner's allegation of newly discovered evidence relevant to the issue of whether he refused to take a breathalyzer test. He also contends that respondent's determination is not supported by substantial evidence. We disagree.

The newly discovered evidence proffered by petitioner consists of an affidavit of Peter Bloom, the attorney who was contacted by petitioner at the time of his arrest, in which Bloom attests that he heard petitioner, while consulting with petitioner over the phone, request to take a breathalyzer test, but that a female voice informed petitioner that it was too late for him to take the test. The State Trooper who arrested petitioner was a woman. Petitioner contends that the Trooper refused to allow him to take the test when he offered to do so after consulting with counsel.

To constitute newly discovered evidence, petitioner needed to establish not only that the evidence was not available to him at the time of the hearing, but that it could not have been obtained despite due diligence (see, Matter of Helmrich v New York State Tax Commn., 70 AD2d 998, 999; see generally, CPLR 5015 [a] [2]). Neither criteria is met here. Petitioner's counsel alluded to the very contention proposed as new evidence during his cross-examination of the Trooper, thus belying petitioner's lack of previous awareness of the evidence.

There is also no merit in petitioner's contention that the record fails to support the finding that he refused to take a test. He alleges that his arrest was unlawful and, therefore, the request to submit to a chemical test also unlawful. Petitioner urges that the acts on his part construed to be a refusal resulted from his impaired physical condition, rather than any knowing decision not to submit to the test, and thus do not constitute a refusal.

In order for the testing strictures of Vehicle and Traffic Law § 1194 to come into play, there must have been a lawful arrest for driving while intoxicated. The evidence shows that petitioner was arrested at the scene of a one-car accident. He was admittedly the driver of the vehicle. The Trooper detected alcohol on his breath, saw that petitioner staggered while

walking and observed that his eyes were glazed. This testimony, if believed, was sufficient to establish reasonable grounds for petitioner's arrest *(see, Matter of Smith v Commissioner of Motor Vehicles,* 103 AD2d 865). Having been lawfully arrested, petitioner was obligated to submit to a chemical test or suffer the loss of his driving privileges. In making his election, the individual may "not condition his consent on first consulting with counsel" *(Matter of Brady v Tofany,* 36 AD2d 987, *affd* 29 NY2d 680).

Petitioner's further contention that he was unaware of any warnings given him by the Trooper as to his obligation to submit to a breathalyzer test because of the concussion he suffered is contradicted by the Trooper's testimony that petitioner appeared aware of the import of the warnings. Be that as it may, the question of petitioner's awareness is not significant. A refusal need not be knowing to call into play the forfeiture aspects of the statute. Under the provisions of Vehicle and Traffic Law § 1194 (1), "[a]ny person who operates a motor vehicle in this state shall be deemed to have given his consent to a chemical test" when reasonable grounds exist to believe such person has been driving a vehicle while intoxicated. The validity of chemical tests have been upheld even when administered to an unconscious or extremely disoriented person *(see, People v Kates,* 53 NY2d 591).

Determination confirmed, and petition dismissed, without costs. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur.