■ In the Matter of VARSITY TRANSIT, INC., Petitioner, v DEPARTMENT OF FINANCE OF THE CITY OF NEW YORK et al., Respondents.—The petition, brought pursuant to CPLR article 78, which was transferred to this court by order of the Supreme Court, New York County (Ira Gammerman, J.), entered September 6, 1988, for review of a determination of respondent Department of Finance dated January 15, 1988 which assessed petitioner with a general corporation tax deficiency in the total amount of $78,962.13, unanimously dismissed and the determination confirmed, without costs.

Respondent correctly concluded that the computation of the general corporation tax herein did not result in double taxation of petitioner's income. Petitioner's general corporation tax liability was, by its terms, calculated upon petitioner's business and investment capital (Administrative Code of City of New York § 11-604 [1] [E] [2]) and not upon its net income (Administrative Code § 11-604 [1] [E] [1], [3]).

It is well settled that, in the area of taxation even more than in other fields, legislatures possess the greatest freedom in classification and that the burden is on the one asserting the statute's constitutional infirmity to demonstrate the absence of any conceivable state of facts which would support the classification *(Matter of Catapano Co. v New York City Fin. Admin.,* 40 NY2d 1074, 1075). Further, if the classification is neither capricious nor arbitrary and rests upon some reasonable consideration or difference or policy, there is no denial of equal protection of law *(Allied Stores v Bowers,* 358 US 522, 527). The method of calculating the general corporation tax for vendors of utility services bears a rational relationship to the policy goal of the statute, which is to assess the greatest general corporation tax liability allowable without taxing income already taxed under the Utility Tax Law. Thus, the challenged computation scheme is not violative of equal protection laws. Concur—Sullivan, J. P., Asch, Kassal, Smith and Rubin, JJ.