■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE MCNEIL, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant asserts that his arrest was without probable cause as the People failed to demonstrate that the sender of the police radio bulletin possessed the requisite knowledge to justify the receiving officer's arrest of defendant. As this legal argument was not raised before the suppression court, the People have had no opportunity to present proof on this issue and it is not preserved for our review (CPL 470.05 [2]; *People v Vasquez,* 66 NY2d 968, 970, *cert denied* 475 US 1109; *People v Martin,* 50 NY2d 1029, 1031). Even if we were to reach it, however, the argument is without merit. *People v Havelka* (45 NY2d 636) and *People v Lypka* (36 NY2d 210), relied on by defendant, are inapplicable. Here, when the arresting officer reached the scene, he was informed by a witness who had followed and observed the fleeing suspects that defendant was one of the robbers. Thus, the arrest was not based solely on the police radio broadcast. Further, defendant asserts that the trial court improperly admitted into evidence $28.95 seized from him following his arrest on the ground that it was irrelevant and prejudicial *(People v Jones,* 62 AD2d 356). As defense counsel failed to object to the admission of this evidence, the issue has not been preserved for our review (CPL 470.05 [2]; *People v Dawson,* 50 NY2d 311, 324). We decline to exercise our discretion to consider either issue in the interests of justice.

We have reviewed defendant's other contentions and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Boehm, J.—robbery, second degree.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.