■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARRY E. DUNLAP, Appellant.—Judgment unanimously affirmed. Memorandum: The hearing court properly denied defendant's motion to suppress evidence found during a search of his car. The police validly stopped the car after observing it in the wrong lane of traffic *(see, People v Ingle,* 36 NY2d 413, 420; *People v Holstein,* 154 AD2d 905, *lv denied* 74 NY2d 949). The police had probable cause to arrest defendant for driving while intoxicated based upon his erratic driving, his physical

appearance and his failing of the field sobriety tests *(see, People v Van Dusen,* 89 AD2d 649). Once the police discovered a .22 caliber handgun in defendant's boot during a frisk incident to that arrest, the police had probable cause entitling them to search the passenger compartment of the car and any containers found therein for further contraband under the automobile exception to the warrant requirement *(see, People v Blasich,* 73 NY2d 673, 678; *People v Ellis,* 62 NY2d 393, 397-398; *People v Langen,* 60 NY2d 170, 180-182, *cert denied* 465 US 1028; *People v Belton,* 55 NY2d 49, 53-55). (Appeal from judgment of Ontario County Court, Henry, Jr., J.—criminal possession of controlled substance, second degree.) Present—Dillon, P. J., Denman, Green, Pine and Lowery, JJ.