■ In the Matter of DAVID K. LAWRENCE, Petitioner, v PATRICIA B. ADDUCI, Individually and as Commissioner of the Department of Motor Vehicles of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Ulster County) to, *inter alia,* review a determination of respondent which revoked petitioner's license to operate a motor vehicle.

Petitioner's driver's license was revoked following his failure to submit to a chemical test *(see,* Vehicle and Traffic Law § 1194 [2] [b]). We initially find that the evidence supports the conclusion that the Deputy Sheriff had reasonable grounds to approach petitioner's vehicle and investigate as it was parked in a public intersection in violation of Vehicle and Traffic Law § 1202 (a) (1) (c) *(see, e.g., Matter of Viger v Passidomo,* 65 NY2d 705, 707). The Deputy Sheriff then noticed a strong odor of alcohol on petitioner's breath and a large number of empty beer cans in petitioner's truck. Based on this evidence, including petitioner's admission that he was parked where he was to drop off his friend, we find that a reasonable inference could be drawn that petitioner had been driving while intoxicated *(see, People v Saplin,* 122 AD2d 498, *lv denied* 68 NY2d 817; *Medico v State of New York, Dept. of Motor Vehicles,* 111 AD2d 374). Petitioner's contentions to the contrary presented credibility questions within the sole province of respondent to resolve *(see, Medico v State of New York, Dept. of Motor Vehicles, supra; Matter of Dykeman v Foschio,* 90 AD2d 892, 893). Respondent's determination to revoke petitioner's license upon his refusal to submit to the chemical test is supported by substantial evidence and must be upheld *(see, Matter of Shaw v Passidomo,* 123 AD2d 768).

Weiss, P. J., Yesawich Jr., Crew III, Casey and Harvey, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.