■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TODD F. CURTIS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty to felony driving while intoxicated. On appeal, he contends that at a pretrial probable cause hearing, the People failed to establish reasonable cause for his arrest because no proof was presented that he operated a motor vehicle while intoxicated on November 6, 1990, the date set forth in the indictment. Although there is a discrepancy between the date set forth in the indictment and the People's proof at the hearing, that issue was not raised at the suppression hearing. Therefore, defendant has failed to preserve that issue for appellate review *(see,* CPL 470.05 [2]; *see also, People v Martin,* 50 NY2d 1029, 1031; *People v Richardson,* 175 AD2d 143, *lv denied* 79 NY2d 831; *People v Gallow,* 171 AD2d 1061, 1062, *lv denied* 77 NY2d 995; *People v Beltraz,* 165 AD2d 745, 746; *People v McNeil,* 132 AD2d 986, *lv denied* 70 NY2d 801). Because defendant failed to raise that argument before the suppression court, he effectively deprived the People of an opportunity to cure the discrepancy by moving to amend the indictment or otherwise offering proof of the correct date.

We reject defendant's assertion that, based upon the testimony of the arresting officer, there was no reasonable cause for his arrest. CPL 140.10 (1) (b) authorizes a police officer to arrest a person for any crime "when he has reasonable cause to believe that such person has committed such crime, whether in his presence or otherwise." Evidence needed to establish probable cause to justify an arrest does not have to be such as to warrant a conviction *(see, People v Miner,* 42 NY2d 937, 938). "Probable cause exists if the facts and circumstances known to the arresting officer warrant a prudent man in believing that the offense has been committed" *(People v*

*Oden,* 36 NY2d 382, 384). From our review of the record, we conclude that the suppression court properly determined that the officer had probable cause to believe that the defendant had committed a crime. (Appeal from Judgment of Ontario County Court, Henry, Jr., J.—Felony Driving While Intoxicated.) Present—Callahan, J. P., Green, Pine, Boehm and Davis, JJ.