■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERNESTO E. MENA-COSS, Also Known as ERNESTO MENA, Appellant. [620 NYS2d 547] —White, J. Appeal from a judgment of the County Court of Schenectady County (Aison, J.), rendered March 17, 1993, upon a verdict convicting defendant of the

crimes of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the seventh degree and unlawful possession of marihuana.

While patrolling the Thruway in the Town of Rotterdam, Schenectady County, on December 15, 1991, at 5:00 A.M., State Trooper Alan Lane observed defendant's vehicle parked on the shoulder of the roadway. As Lane maneuvered his troop car to a point behind defendant's vehicle, he saw defendant outside of the vehicle. When he engaged defendant in conversation, defendant stated that he had stopped to relieve himself. At that time, Lane noticed that defendant's eyes were bloodshot and that he emitted a strong odor of alcohol. Because defendant was not able to satisfactorily perform certain field sobriety tests, Lane placed him under arrest for driving while intoxicated and searched his person. The search yielded baggies containing cocaine and marihuana along with a dollar bill with cocaine residue on it. Lane then arrested defendant for possession of these substances and searched his vehicle where he found more illegal drugs.

Following his indictment for several drug-related offenses, defendant moved to suppress, *inter alia,* the physical evidence that was seized from his person and vehicle. County Court denied the motion. In January 1993, defendant applied in Supreme Court for a writ of habeas corpus on the ground that he had been denied his right to a speedy trial. Supreme Court denied the application. Thereafter, defendant was tried, convicted and sentenced as a second felony offender. He now appeals.

Defendant initially contends that County Court erred in denying his suppression motion. In considering this issue, we shall accept County Court's factual determinations and its resolution of credibility issues since they are fully supported by the record *(see, People v Chou,* 203 AD2d 299; *People v Turner,* 200 AD2d 603, *lv denied* 83 NY2d 811). Once the police make a lawful custodial arrest, they may search a defendant incident to that arrest *(see, United States v Robinson,* 414 US 218, 235; *People v Barclay,* 201 AD2d 952). In this instance, defendant's arrest for driving while intoxicated was lawful because his appearance, the presence of a strong odor of alcohol and his failure to adequately perform the field sobriety tests provided the requisite probable cause justifying the arrest *(see, People v Curtis,* 186 AD2d 994; *People v Barnum,* 175 AD2d 332, *lv denied* 78 NY2d 1126; *People v*

*Dunlap,* 163 AD2d 814, *lv denied* 76 NY2d 939). Thus, the search of defendant's person was permissible.

The search of defendant's vehicle was also permissible under the automobile exception to the warrant requirement based upon the discovery of drugs on his person, which provided Lane with probable cause to believe that drugs would be found in defendant's vehicle *(see, People v Galak,* 81 NY2d 463, 467; *People v Belton,* 55 NY2d 49, 55; *People v Barclay, supra; People v King,* 193 AD2d 1075, *lv denied* 82 NY2d 721; *People v Harris,* 190 AD2d 1043, *lv denied* 81 NY2d 971).

We reject defendant's argument that he did not knowingly and intelligently choose to represent himself since County Court, in addition to urging him not to discharge his retained attorney, repeatedly and graphically informed defendant of the dangers in conducting his own defense and advised him against it *(see, People v Ward,* 205 AD2d 876, *lv denied* 84 NY2d 873). Although defendant did not accept its advice, we note with approval County Court's decision to provide defendant with standby counsel *(see, People v Greany,* 185 AD2d 376, *lv denied* 80 NY2d 1027).

During his cross-examination of Lane, defendant elicited allegedly prejudicial testimony. Some time later, he moved to strike the testimony. County Court granted the motion and advised defendant he could not thereafter refer to the facts that had been elicited by the stricken testimony unless such facts were introduced through another witness. Contrary to defendant's assertion, this admonition did not curtail his right to cross-examine witnesses.

We shall not consider defendant's argument that he was denied a speedy trial since there is no indication in the record that he filed a notice of appeal following Supreme Court's denial of the writ of habeas corpus *(see,* CPL 460.10 [1] [a]). In any event, we are precluded from reviewing this issue due to defendant's failure to present an adequate record of the habeas corpus proceeding *(see, People v Larrabee,* 201 AD2d 924, *lv denied* 83 NY2d 855).

Lastly, by not objecting to County Court's charge and the allegedly prejudicial remark made by the prosecutor in his summation, defendant failed to preserve these issues for review *(see, People v Autry,* 75 NY2d 836; *see also,* CPL 470.05 [2]). We have examined defendant's remaining contentions and have found them unpersuasive.

For these reasons, the judgment is affirmed.

Mikoll, J. P., Crew III, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed.