■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY J. DANIGER, Appellant. [642 NYS2d 732] —White, J. Appeal from a judgment of the County Court of Saratoga County

(Eidens, J.), rendered August 29, 1995, convicting defendant upon his plea of guilty of the crime of operating a motor vehicle while under the influence of alcohol.

Following County Court's summary denial of his motion for a hearing on the issue of probable cause for his arrest and the suppression of evidence of his refusal to submit to a chemical test, defendant entered a plea of guilty to the crime of operating a motor vehicle while under the influence of alcohol, as a felony (Vehicle and Traffic Law § 1192 [3]). He was thereafter sentenced to an indeterminate prison term of 1 to 3 years. This appeal ensued.

Defendant's principal argument is that County Court erred in summarily denying his motion. This type of motion may be denied without a hearing if the defendant presents no legal basis for it or if the factual predicate for it is insufficient as a matter of law (see, People v Dixon, 85 NY2d 218, 221; People v Mendoza, 82 NY2d 415, 421). Whether a defendant has raised sufficient factual issues necessitating a hearing requires an evaluation of the face of the pleadings in conjunction with the context of the motion and the defendant's access to information (see, People v Mendoza, supra, at 426).

In this instance, defendant's motion papers included the affirmation of his attorney, containing the conclusory statement that "it is clear that the reason for the stop of defendant's vehicle is at best questionable", and excerpts of the arresting officer's testimony given at a chemical test refusal hearing. The essence of the officer's testimony was that he stopped defendant's vehicle because he noticed that it displayed an expired inspection sticker. Notably absent from the motion papers are any factual averments from defendant challenging the officer's testimony or his observation of defendant's appearance and condition that led to his arrest.

Our evaluation of the record discloses that the People had provided defendant with sufficient information detailing their position with respect to his stop and arrest. Therefore, defendant's failure to specifically deny this information justified County Court's summary denial of his motion since the officer's observation of a violation of the Vehicle and Traffic Law provided probable cause for the stop of defendant's vehicle (see, People v Durgey, 186 AD2d 899, 900, lv denied 81 NY2d 788), and his observation of defendant's appearance and condition set forth in the record provided probable cause to arrest him for driving while intoxicated (see, People v Mena-Coss, 210 AD2d 745, 746, lv denied 86 NY2d 798; People v Curtis, 186 AD2d 994), thereby providing the predicate for the request to

submit to a chemical test (*see,* Vehicle and Traffic Law § 1194 [2] [a] [1]).

Taking into account the need to remove intoxicated drivers from the road and the fact that this is defendant's sixth alcohol-related motor vehicle offense, the sentence imposed upon him was not harsh or excessive (*see, People v Charland,* 194 AD2d 827, 828).

For these reasons, we affirm.

Mikoll, J. P., Mercure, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.