■ In the Matter of STEVEN STEGMAN, Petitioner, v RICHARD JACKSON, as Commissioner of the Department of Motor Vehicles, et al., Respondents. [649 NYS2d 529] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Otsego County) to review a determination of respondent Commissioner of Motor Vehicles which revoked petitioner's license to operate a motor vehicle in New York.

The determination that the police officer who arrested petitioner had reasonable grounds to believe that petitioner was unlawfully operating his automobile and that he refused to submit to a chemical test after such a request was made in accordance with Vehicle and Traffic Law § 1194 (3) is supported by substantial evidence and should not be disturbed (see, Matter of Boyce v Commissioner of New York State Dept. of Motor Vehicles, 215 AD2d 476). At the administrative hearing, the arresting officer testified that in the early morning hours of August 20, 1993, he responded to a call concerning an accident. At the scene, fire personnel were extricating petitioner from his vehicle. The vehicle had crossed the center of the road, traveled down the left shoulder and struck two trees. There were no marks on the road. Only petitioner was in the vehicle. The officer smelled alcoholic beverages inside the vehicle. He spoke to a friend of petitioner who was driving behind petitioner at the time of the accident. This individual told the officer that he and petitioner had been drinking together that night. Petitioner was taken to a hospital. He was conscious and spoke to the officer. The officer arrested petitioner and read him the appropriate warnings. He asked petitioner to submit to a chemical test. Petitioner did not respond and instead closed his eyes and turned his head. Petitioner's physician told the officer that it was his opinion that petitioner could hear and understand the officer. Although petitioner contends that the officer could not have smelled alcohol in his vehicle due to the fact that there were no alcoholic beverages in it and the windshield was broken, this merely presents a question of credibility which was for the Administrative Law Judge (hereinafter ALJ) to resolve (see, Matter of Holland v Commissioner of New York State Dept. of Motor Vehicles, 213 AD2d 637). Therefore, it cannot be said that the ALJ erred in determining that petitioner's arrest was lawful. With respect to the finding that petitioner refused to submit to the chemical test, we note that such a refusal may be evidenced by words or

conduct (*see, People v Massong,* 105 AD2d 1154). Given the police officer's testimony, we find no reason to disturb the ALJ's ruling on this point. We also reject petitioner's contention that the ALJ improperly relied on hearsay information (*see, Matter of Gray v Adduci,* 73 NY2d 741).

Petitioner next contends that his rights under the Americans with Disabilities Act of 1990 (*see,* 42 USC § 12101 *et seq.*) were violated when the ALJ refused to change the hearing's venue. Because he never raised this argument prior to this proceeding, it was not preserved for our review (*see, Matter of Puterio v Regan,* 161 AD2d 1109). We also note that the ALJ offered to adjourn the hearing until such time as petitioner could be present but that such offer was declined by his attorney.

Cardona, P. J., Mercure, White and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.