■ In the Matter of DAVID A. DYKEMAN, Petitioner, v RICHARD E. JACKSON, JR., as Commissioner of Motor Vehicles of the State of New York, Respondent. [694 NYS2d 187] —Yesawich Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Schenectady County) to review a determination of respondent which revoked petitioner's driver's license.

Substantial evidence supports the determination of the Administrative Law Judge revoking petitioner's driver's license due to his refusal to submit to a chemical test (*see*, Vehicle and Traffic Law § 1194 [2]; *Matter of Boyce v Commissioner of New York State Dept. of Motor Vehicles*, 215 AD2d 476, 477). At the administrative hearing, the arresting police officer testified that on January 6, 1996, he was traveling along County Route 133 in the Town of Duanesburg, Schenectady County, when he observed petitioner's diagonally parked pickup truck blocking one lane and a portion of the other of a two-lane road. Upon investigation, the officer discovered petitioner sitting behind the wheel of the vehicle with the engine running and the vehicle's lights turned on. From these facts, the Administrative Law Judge not unfairly found that petitioner was "operating a motor vehicle" within the meaning of the Vehicle and Traffic Law (*see, People v Totman*, 208 AD2d 970, 971; *Matter of Prudhomme v Hults*, 27 AD2d 234, 236).

The record also justifies a finding (disputed by petitioner) that his arrest for driving while intoxicated was lawful (*see*, Vehicle and Traffic Law § 1194 [2] [c] [2]). In this respect, the arresting officer's testimony as to his observations of petitioner—petitioner was said to be dazed and confused, smelled of alcohol, admitted drinking and had failed various field sobriety tests—provides ample basis for concluding that there was probable cause for this arrest (*see, e.g., People v Daniger*, 227 AD2d 846, 847, *lv denied* 88 NY2d 1020; *People v MenaCoss*, 210 AD2d 745, 746, *lv denied* 86 NY2d 798).

Petitioner's claim that he was not adequately advised of the

consequences of his failure to submit to the chemical test (*see*, Vehicle and Traffic Law § 1194 [2] [c] [3]) is also belied by the record. Indeed, shortly after petitioner's arrival at the police station, he was specifically warned of the ramifications for refusing to take the test. Then, within a one-half hour time span, though twice offered the opportunity to take the test, by his words and conduct petitioner made eminently clear that he refused to do so (*see, Matter of Stegman v Jackson*, 233 AD2d 597, 597-598; *see also, People v Massong*, 105 AD2d 1154, 1155).

Mikoll, J. P., Mercure, Crew III and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.