In the Matter of JOSEPH J. GIACONE, Petitioner, v RICHARD E. JACKSON, JR., as Commissioner of Motor Vehicles of the State of New York, Respondent. [699 NYS2d 587] —Graffeo, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which revoked petitioner's driver's license.

After petitioner was arrested for driving while intoxicated in the City of Albany, a hearing was conducted before an Administrative Law Judge (hereinafter ALJ) to determine whether petitioner's license should be suspended or revoked based on his alleged refusal to submit to a blood alcohol chemical test (see, Vehicle and Traffic Law § 1194 [2] [b]). At the conclusion of the hearing, the ALJ found that the State Trooper had made a lawful arrest for driving while intoxicated and that pursuant to Vehicle and Traffic Law § 1194, petitioner's license should be revoked for his refusal to submit to a chemical test. The ALJ's determination was affirmed by an administrative Appeals Board and an order of revocation was thereafter issued. Petitioner commenced this CPLR article 78 proceeding challenging respondent's determination and the proceeding was transferred to this Court.

Petitioner initially contends that the State Trooper could not lawfully effectuate an arrest because his "Certificate of Appointment and Acceptance" in connection with his employment with the State Police was not filed with the Secretary of State in accordance with Public Officers Law § 8. We disagree. The record reveals that the Trooper's certificate was duly executed in January 1974, at which time the Trooper commenced employment. Although the certificate was apparently not filed with the Secretary of State by his employer, we find no basis to invalidate arrests made by the Trooper, especially since Public Officers Law § 8 provides that "[e]very such written appointment shall be deemed the commission of the officer appointed" and the statute makes no provision for sanctions or other consequences for the failure to file. Accordingly, despite the filing irregularity, we conclude that the Trooper's actions were not

invalid or voidable (*cf., People v Rossney*, 178 AD2d 765, *lv denied* 79 NY2d 1007; *Matter of County of Ontario v Western Finger Lakes Solid Waste Mgt. Auth.*, 167 AD2d 848, 849, *lv denied* 77 NY2d 805; *Morris v Cahill*, 96 AD2d 88, 90-91; *see also*, Public Officers Law § 15).

Petitioner's assertion that the field sobriety test was not properly administered is also meritless. We find no statutory mandate requiring the State Police to file sobriety test procedure rules with the Secretary of State. Petitioner's erratic driving, the odor of alcohol, his bloodshot eyes, pattern of speech and inability to properly recite the alphabet or perform a heel-to-toe sobriety test, in conjunction with his admission that he had consumed a "few beers", provided reasonable grounds for the Trooper to arrest petitioner (*see, Matter of Viger v Passidomo*, 65 NY2d 705, 707; *Matter of Stegman v Jackson*, 233 AD2d 597, 597-598; *Matter of Lawrence v Adduci*, 183 AD2d 1009; *Matter of Gagliardi v Department of Motor Vehicles*, 144 AD2d 882, 883-884, *lv denied* 74 NY2d 606).

We further reject petitioner's argument that his license should not have been revoked because he did not refuse to submit to a chemical test within the meaning of Vehicle and Traffic Law § 1194 (2). Before a license can be revoked for refusing to take a chemical test, Vehicle and Traffic Law § 1194 requires that it must be demonstrated, *inter alia*, that the individual was provided sufficient warning of the effect of such refusal and that the person refused to submit to the test (*see*, Vehicle and Traffic Law § 1194 [2] [c]). The arresting Trooper testified at the hearing that he provided petitioner with the statutory warning regarding the potential repercussions for refusing to submit to the chemical test after he was placed under arrest. Petitioner did not respond and, thereafter, the Trooper inquired again if petitioner would consent to be chemically tested, to which he replied in the negative. Although petitioner's testimony contradicted the State Trooper in some respects, this raised a credibility issue within the province of the ALJ to resolve (*see, Matter of Lawrence v Adduci, supra*, at 1009). We find that petitioner's unresponsive conduct after the initial inquiry and subsequent refusal constituted a proper basis for respondent's finding (*see, Matter of Stegman v Jackson, supra*, at 597; *Matter of Geary v Commissioner of Motor Vehicles of State of N. Y.*, 92 AD2d 38, 39, *affd* 59 NY2d 950). Based on the foregoing, respondent's determination to revoke petitioner's license was supported by substantial evidence (*see, Matter of Lawrence v Adduci, supra*, at 1009).

Petitioner's remaining contentions have been considered and found lacking in merit.

Mercure, J. P., Crew III, Peters and Carpinello, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.