# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

527
TP 14-01847
PRESENT: CENTRA, J.P., CARNI, SCONIERS, VALENTINO, AND WHALEN, JJ.

---

IN THE MATTER OF RICHARD H. PEESO, PETITIONER,

V                                          MEMORANDUM AND ORDER

BARBARA J. FIALA, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF MOTOR VEHICLES, RESPONDENT.

---

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Ann Marie Taddeo, J.], entered October 10, 2014) to review a determination revoking the driver's license of petitioner.

It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination revoking his driver's license based on his refusal to submit to a chemical test following his arrest for driving while intoxicated. Petitioner contends that the determination was affected by an error of law because the report of refusal did not indicate that petitioner's intoxication was voluntary and the report, thus, was insufficient to establish reasonable grounds that he was driving while intoxicated. We reject that contention. We conclude that the report of refusal submitted at the hearing established that the police officer had reasonable grounds to believe that petitioner had been driving while intoxicated based upon his observations of petitioner, including petitioner's failure of field sobriety tests (*see Gagliardi v Department of Motor Vehs.*, 144 AD2d 882, 883-884, *lv denied* 74 NY2d 606; *Matter of Smith v Commissioner of Motor Vehs.*, 103 AD2d 865, 866). At the hearing, the arresting officer's report of refusal was received in evidence and read into the record. That report establishes that the officer stopped the vehicle driven by petitioner based on the vehicle's speed, which exceeded the posted limit by 22 miles per hour, and a lane violation. After stopping the vehicle, the officer observed petitioner to have, among other things, a strong odor of alcoholic beverage on his breath, a flushed complexion, and poor coordination and balance. Petitioner thereafter

failed five standard field sobriety tests, and the officer arrested him for driving while intoxicated.  Contrary to petitioner's further contention, the determination is supported by substantial evidence in the record, i.e., the report of refusal (*see Matter of Gray v Adduci*, 73 NY2d 741, 743).  Petitioner's reliance on *People v Cruz* (48 NY2d 419, 427, *appeal dismissed* 446 US 901) is misplaced inasmuch as that case involved a criminal conviction for driving while intoxicated.

We reject petitioner's further contention that the Department of Motor Vehicles Appeals Board improperly relied upon an adverse inference from petitioner's failure to testify at the hearing.  Such an inference was permissible (*see* 15 NYCRR 127.5 [b]; *see generally Matter of Northland Transp. v Jackson*, 271 AD2d 846, 848).  We have considered petitioner's remaining contention and conclude that it is without merit.

Entered:  July 2, 2015                          Frances E. Cafarell
                                                Clerk of the Court