██ In the Matter of JAMES J. SHERWOOD, Petitioner, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, Respondent. [59 NYS3d 837]—

Egan Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in

---

Albany County) to review a determination of respondent revoking petitioner's driver's license.

During the early morning hours of February 27, 2015, State Troopers Patrick McCabe and Patrick Moore stopped petitioner's car on Red Mill Road in the Town of Cortlandt, Westchester County after observing the vehicle traveling well in excess of the posted speed limit. Upon approaching the vehicle, McCabe detected the smell of alcohol and observed that petitioner, who subsequently admitted that he had consumed two or three beers while attending a bachelor party at a local sushi bar earlier in the evening, had watery, bloodshot eyes and slurred speech. McCabe instructed petitioner to exit the vehicle and thereafter administered three field sobriety tests—all of which petitioner failed. According to McCabe, after he placed petitioner under arrest, Moore read petitioner the refusal to submit to a chemical test warnings from a printed card, and petitioner thereafter refused—while en route to and after arriving at the barracks—to submit to such test.

Petitioner subsequently was charged by simplified informations with refusal to take a breath test, driving while intoxicated and speed in zone, and his driver's license temporarily was suspended pending an administrative hearing. Following that hearing, at which McCabe was the sole witness to testify, the Administrative Law Judge (hereinafter ALJ) revoked petitioner's license. Petitioner's appeal of the ALJ's decision to respondent's Administrative Appeals Board proved to be unsuccessful, and petitioner's license was revoked for a period of 18 months. Petitioner thereafter commenced this CPLR article 78 proceeding, subsequently transferred to this Court, to challenge the revocation of his driver's license.

Pursuant to Vehicle and Traffic Law § 1194 (2) (a) (1), "[a]ny person who operates a motor vehicle in this state shall be deemed to have given consent to a chemical test of . . . breath, blood, urine . . . or saliva . . . for the purpose of determining the alcoholic and/or drug content of the blood provided that such test is administered by or at the direction of a police officer . . . having reasonable grounds to believe such person to have been operating" a motor vehicle under the influence of alcohol or drugs and that such test occurs "within two hours after such person has been placed under arrest for any such violation" (see *People v Bohacek*, 95 AD3d 1592, 1593 [2012]; *People v Centerbar*, 80 AD3d 1008, 1009 [2011]). If such person thereafter is asked to submit to a chemical test and refuses, despite being warned of the consequences of that decision, his or her license "shall be immediately suspended and subse-

quently revoked" (Vehicle and Traffic Law § 1194 [2] [b]; *see Matter of Cook v Adduci*, 205 AD2d 903, 903-904 [1994], *lv denied* 84 NY2d 811 [1994]). A person whose license is so revoked is entitled to an administrative hearing, where the issues to be determined are limited to: "(1) did the police officer have reasonable grounds to believe that such person had been driving [while under the influence of alcohol or drugs]; (2) did the police officer make a lawful arrest of such person; (3) was such person given sufficient warning, in clear or unequivocal language, prior to such refusal that such refusal to submit to such chemical test or any portion thereof, would result in the immediate suspension and subsequent revocation of such person's license or operating privilege whether or not such person is found guilty of the charge for which the arrest was made; and (4) did such person refuse to submit to such chemical test or any portion thereof" (Vehicle and Traffic Law § 1194 [2] [c]; *see Matter of Berlin v New York State Dept. of Motor Vehs.*, 80 AD3d 911, 913 [2011]). "If, after such hearing, the [ALJ] . . . finds all of the issues in the affirmative, [the ALJ] shall immediately revoke the license or permit to drive or any non-resident operating privilege" (Vehicle and Traffic Law § 1194 [2] [c]). Upon review by this Court, our inquiry is limited to whether the revocation determination is supported by substantial evidence (*see Matter of Berlin v New York State Dept. of Motor Vehs.*, 80 AD3d at 913; *Matter of Giacone v Jackson*, 267 AD2d 673, 674 [1999], *lv denied* 94 NY2d 762 [2000]).

Here, McCabe testified as to the circumstances that prompted the traffic stop in the first instance—namely, that petitioner was traveling well in excess of the posted speed limit. Although petitioner takes issue with the asserted lack of foundation for McCabe's testimony on this point, McCabe clearly stated that, when he and Moore caught up with petitioner's vehicle on "the straightaway" portion of the road, he determined that petitioner "was [going] 57 miles per hour in a posted 35 mile per hour zone." Upon approaching the vehicle, McCabe could detect the odor of alcohol and observed that petitioner had slurred speech, as well as bloodshot and watery eyes, and that he "fumbled around . . . a little bit" when asked to produce his vehicle registration. Additionally, as noted previously, McCabe testified that petitioner, who admitted that he had consumed two or three beers earlier in the evening, failed the three field sobriety tests administered to him. To our analysis, such testimony more than establishes that McCabe, having witnessed petitioner commit a traffic violation, lawfully stopped petitioner's vehicle (*see People v Rasul*, 121 AD3d 1413, 1415 [2014]) and,

based upon his subsequent interaction with petitioner, had reasonable grounds to believe that petitioner was operating his vehicle while under the influence of alcohol, thus justifying petitioner's arrest (*see Matter of Giacone v Jackson*, 267 AD2d at 674).

As to the refusal warnings, McCabe testified that Moore read the refusal warnings to petitioner from a printed card on multiple occasions—as petitioner was being transported to and after arriving at the barracks—and that, on each occasion, petitioner refused to submit to the chemical test. Although Moore did not testify and the refusal warnings card was not admitted into evidence, the report of petitioner's refusal to submit to the chemical test, which was completed by McCabe, was received into evidence. The subject report set forth the specific warnings read to petitioner on the morning in question, indicated that petitioner was advised that his refusal to submit to the chemical test or any portion thereof would "result in the immediate suspension and subsequent revocation of [his] license" and documented the occasions upon which petitioner indicated that he understood the warnings as read to him but was refusing to consent to the chemical test. McCabe's testimony and his related report, in our view, establish that petitioner refused to submit to the chemical test—despite being advised, in clear and unequivocal terms, of the consequences (*see Matter of Gray v Adduci*, 73 NY2d 741, 742-743 [1988]; *Matter of Peeso v Fiala*, 130 AD3d 1442, 1443 [2015], *lv denied* 26 NY3d 910 [2015]; *Matter of Dykeman v Jackson*, 262 AD2d 877, 877-878 [1999]). To the extent that petitioner faults McCabe for being unable to recall certain details of petitioner's arrest, suffice it to say that the ALJ had ample opportunity to assess McCabe's credibility. Accordingly, we find that respondent's revocation of petitioner's driver's license is supported by substantial evidence.

Finally, we find no merit to petitioner's conclusory claim that he was denied a fair hearing and/or that the ALJ exhibited bias. "[M]erely alleging bias is not sufficient to set aside an administrative determination. Rather, the party alleging bias must set forth a factual demonstration supporting the allegation as well as prove that the administrative outcome flowed from it" (*Matter of Maglione v New York State Dept. of Health*, 9 AD3d 522, 523 [2004] [internal quotation marks and citations omitted]; *see Matter of Bruso v Clinton County*, 139 AD3d 1169, 1170 [2016]). This petitioner failed to do. Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.

McCarthy, J.P., Garry, Devine and Clark, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.