Matter of Marden v New York State Dept. of Motor Vehs. (2018 NY Slip Op 04323)





Matter of Marden v New York State Dept. of Motor Vehs.


2018 NY Slip Op 04323


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-12887

[*1]In the Matter of George Marden, petitioner, 
v
New York State Department of Motor Vehicles, et al., respondents.


Barket Epstein & Kearon, LLP, Garden City, NY (Donna Aldea and Alexander R. Klein of counsel), for petitioner.
Barbara D. Underwood, Attorney General, New York, NY (Anisha S. Dasgupta and Seth M. Rokosky of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Motor Vehicles Administrative Appeals Board dated March 29, 2016, affirming a determination of an administrative law judge dated July 8, 2015, which, after a hearing, found that the petitioner had refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194 and revoked his driver license.
ADJUDGED that the determination dated March 29, 2016, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was arrested for operating a motor vehicle while in an intoxicated condition. A police officer asserted, in a "Report of Refusal," that the petitioner refused to submit to a chemical test after he was advised that refusal would result in the suspension and revocation of his driver licence. The "Report of Refusal" was admissible in evidence at the administrative hearing, and constituted substantial evidence that the petitioner refused to submit to a chemical test in violation of Vehicle and Traffic Law § 1194 (see Matter of Gray v Adduci, 73 NY2d 741, 742).
The petitioner's remaining contentions are without merit (see Matter of Sherwood v New York State Dept. of Motor Vehicles, 153 AD3d 1022, 1025; Matter of Lamb v Egan, 150 AD3d 854).
MASTRO, J.P., RIVERA, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court