Matter of Thompson v New York State Dept. of Motor Vehs. (2019 NY Slip Op 02237)





Matter of Thompson v New York State Dept. of Motor Vehs.


2019 NY Slip Op 02237


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CARNI, LINDLEY, AND TROUTMAN, JJ.


381 TP 18-00451

[*1]IN THE MATTER OF GREGORY THOMPSON, PETITIONER,
v
NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, TIMOTHY B. LENNON, DEPUTY COMMISSIONER AND COUNSEL, NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES AND ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, STATE OF NEW YORK, RESPONDENTS. 






TULLY RINCKEY PLLC, ROCHESTER (ZACHARY T. RUETZ OF COUNSEL), FOR PETITIONER.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (BRIAN D. GINSBERG OF COUNSEL), FOR RESPONDENTS. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [William K. Taylor, J.], entered October 27, 2017) to review a determination of respondents. The determination revoked petitioner's driving privileges in the State of New York. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination revoking his driver's license and commercial driver's license based on his refusal to submit to a chemical test following his arrest for driving while intoxicated. We confirm the determination.
Contrary to petitioner's contention, the determination is supported by substantial evidence (see Matter of Peeso v Fiala, 130 AD3d 1442, 1443 [4th Dept 2015], lv denied 26 NY3d 910 [2015]). The arresting officer's testimony at the hearing established that the officer lawfully stopped the vehicle driven by petitioner for a traffic violation (see generally People v Grimes, 133 AD3d 1201, 1202 [4th Dept 2015]), possessed reasonable grounds to believe that petitioner had been driving while intoxicated based on, inter alia, petitioner's failure of field sobriety tests (see Peeso, 130 AD3d at 1443), and had probable cause to arrest petitioner (see Matter of Sherwood v New York State Dept. of Motor Vehs., 153 AD3d 1022, 1024-1025 [3d Dept 2017]; People v Lewis, 124 AD3d 1389, 1390-1391 [4th Dept 2015], lv denied 26 NY3d 931 [2015]). In addition, the officer's testimony, "along with his refusal report, which was entered in evidence, established that petitioner refused to submit to the chemical test after being warned twice of the consequences of such refusal" (Matter of Huttenlocker v New York State Dept. of Motor Vehs. Appeals Bd., 156 AD3d 1464, 1464 [4th Dept 2017]). The Administrative Law Judge was entitled to discredit petitioner's testimony to the contrary (see Matter of Bersani v New York State Dept. of Motor Vehs., 162 AD3d 1553, 1553 [4th Dept 2018]).
We have reviewed petitioner's remaining contentions and conclude that they do not require a different result.
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court