Matter of Vega v New York State Off. of Children & Family Servs. (2022 NY Slip Op 04475)

Matter of Vega v New York State Off. of Children & Family Servs.

2022 NY Slip Op 04475

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, NEMOYER, AND BANNISTER, JJ.

426 TP 21-01573

[*1]IN THE MATTER OF VANESSA VEGA, PETITIONER,
v
NEW YORK STATE OFFICE OF CHILDREN AND FAMILY SERVICES, RESPONDENT. 

JAMES S. HINMAN, ROCHESTER, FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (BRIAN D. GINSBERG OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Daniel J. Doyle, J.], entered October 5, 2021) to review a determination of respondent. The determination denied petitioner's application to amend the indicated report of maltreatment with respect to her daughter to an unfounded report. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding to review a determination, made after a fair hearing, denying her request to amend an indicated report of maltreatment with respect to her daughter to an unfounded report, and to seal it (see Social Services Law § 422 [8] [c] [ii]). "At an administrative expungement hearing, a report of child . . . maltreatment must be established by a fair preponderance of the evidence" (Matter of Reynolds v New York State Off. of Children & Family Servs., 101 AD3d 1738, 1738 [4th Dept 2012] [internal quotation marks omitted]), and "[o]ur review . . . is limited to whether the determination was supported by substantial evidence in the record on the petitioner['s] application for expungement" (Matter of Mangus v Niagara County Dept. of Social Servs., 68 AD3d 1774, 1774 [4th Dept 2009], lv denied 15 NY3d 705 [2010] [internal quotation marks omitted]). Here, testimony from a Monroe County Child Protective Services caseworker established that petitioner coached the child to fabricate allegations of abuse against the child's father and his girlfriend, thereby causing the child to be subjected to unnecessary professional examinations and interviews and harming the child's physical, mental, or emotional well-being. We thus conclude that, on the record before us, substantial evidence supports the determination of the Administrative Law Judge (ALJ) that it was established by a preponderance of the evidence that petitioner maltreated the child (see Matter of Kern v New York State Cent. Register of Child Abuse & Maltreatment, 174 AD3d 1434, 1435 [4th Dept 2019], lv denied 34 NY3d 906 [2019]; Matter of Daniel D., 57 AD3d 444, 444 [1st Dept 2008], lv dismissed 12 NY3d 906 [2009]).
Moreover, the evidence at the hearing established that petitioner failed to acknowledge that her behavior was harmful to the child and failed to appreciate the seriousness of her conduct, and we therefore conclude that substantial evidence supports the ALJ's determination that petitioner's maltreatment of the subject child was likely to recur (see Matter of Warren v New York State Cent. Register of Child Abuse & Maltreatment, 164 AD3d 1615, 1617 [4th Dept 2018]) and was reasonably related to her employment working with children with disabilities (see id.; Matter of Garzon v New York State Off. of Children & Family Servs., 85 AD3d 1603, 1604 [4th Dept 2011]; Matter of Castilloux v New York State Off. of Children & Family Servs., 16 AD3d 1061, 1062 [4th Dept 2005], lv denied 5 NY3d 702 [2005]).
Finally, we reject petitioner's contentions that she was deprived of a fair hearing when the ALJ denied her request for an adjournment after the hearing was underway (see Matter of Frederick G. v New York State Cent. Register of Child Abuse & Maltreatment, 53 AD3d 1075, 1076 [4th Dept 2008]) and that the ALJ demonstrated bias and hostility (see Matter of Sherwood v New York State Dept. of Motor Vehs., 153 AD3d 1022, 1025 [3d Dept 2017]; Matter of Maglione v New York State Dept. of Health, 9 AD3d 522, 523 [3d Dept 2004]).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court