Matter of Reuss v Schroeder (2023 NY Slip Op 03053)

Matter of Reuss v Schroeder

2023 NY Slip Op 03053

Decided on June 8, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 8, 2023

535029
[*1]In the Matter of James H. Reuss Jr., Petitioner,
v
Mark J.F. Schroeder, as Commissioner of Motor Vehicles, Respondent.

Calendar Date:May 3, 2023

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Ceresia, JJ. 

Kossover Law Offices, LLP, New Paltz (Andrew Kossover of counsel), for petitioner.
Letitia James, Attorney General, Albany (Jonathan D. Hitsous of counsel), for respondent.

Clark, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Ulster County) to review two determinations of the Department of Motor Vehicles revoking petitioner's driver's license and commercial driving privileges.
On March 23, 2021, a state trooper conducted a traffic stop of petitioner in the Town of Ulster, Ulster County, and petitioner was arrested and charged with, among other things, driving while intoxicated. As a result of petitioner's failure to submit to a chemical test to determine his blood alcohol content, the Department of Motor Vehicles (hereinafter DMV) temporarily suspended his driver's license and commercial driving privileges pending a hearing to determine whether his license should be revoked. Following a virtual hearing in August 2021, an Administrative Law Judge (hereinafter ALJ) found that petitioner had refused a lawful request to submit to a chemical test and ordered that his license be revoked. As a result, the DMV revoked petitioner's driver's license and commercial driving privileges, and a civil penalty was imposed. Petitioner appealed to the DMV's Administrative Appeals Board. Through separate determinations effective February 28, 2022, the Appeals Board revoked petitioner's driver's license for a period of no less than 312 days and his commercial driving privileges for a period of no less than 492 days. Petitioner thereafter commenced this CPLR article 78 proceeding, seeking annulment of the DMV's determinations, and Supreme Court (Gandin, J.) transferred the proceeding to this Court pursuant to CPLR 7804 (g).
Initially, because petitioner failed to object to a virtual hearing, despite having received advanced notice, his challenge is unpreserved for our review (see Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; Matter of Ortiz v Annucci, 214 AD3d 1271, 1272 [3d Dept 2023]). "[F]ollowing an evidentiary hearing, an administrative determination revoking a person's driver's license will be upheld so long as it is supported by substantial evidence . . . [—] a minimal standard that requires less than the preponderance of the evidence and demands only the existence of a rational basis in the record as a whole to support the findings upon which the determination is based" (Matter of Vera-Llivicura v State of New York, 211 AD3d 1447, 1449 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]; see Matter of Walker v City of Plattsburgh, 212 AD3d 936, 939 [3d Dept 2023]). Prior to revocation, a person has the right to a hearing, at which an ALJ must focus on four inquiries: "(1) did the police officer have reasonable grounds to believe that such person had been driving in violation of any subdivision of [Vehicle and Traffic Law §1192]; (2) did the police officer make a lawful arrest of such person; (3) was such person given sufficient warning, in clear or unequivocal language, prior to such refusal that such refusal to submit to [*2]such chemical test or any portion thereof, would result in the immediate suspension and subsequent revocation of such person's license or operating privilege whether or not such person is found guilty of the charge for which the arrest was made; and (4) did such person refuse to submit to such chemical test or any portion thereof" (Vehicle and Traffic Law § 1194 [2] [c]; see Matter of Barr v New York State Dept. of Motor Vehs., 155 AD3d 1159, 1160 [3d Dept 2017], lv denied 31 NY3d 907 [2018]). When reviewing these determinations, we defer to credibility assessments made by the ALJ (see Matter of Sherwood v New York State Dept. of Motor Vehs., 153 AD3d 1022, 1025 [3d Dept 2017]).
Upon reviewing the record, we find that substantial evidence supports the DMV's determinations. After the trooper failed to appear at the hearing, his report of refusal was admitted as evidence, and the ALJ read relevant parts into the record.[FN1] Through the report, the trooper averred that he observed petitioner fail to stop at a red light, in violation of Vehicle and Traffic Law § 1111 (d) (1) and, as a result, the trooper conducted a lawful stop of petitioner (see Matter of Gibbs v New York State Dept. of Motor Vehs., 175 AD3d 1217, 1218 [1st Dept 2019]; People v Ross, 106 AD3d 1194, 1195 [3d Dept 2013], lv denied 22 NY3d 1090 [2014]; People v Crandall, 287 AD2d 881, 882 [3d Dept 2001], lv denied 97 NY2d 703 [2002]).[FN2] While interacting with petitioner, the trooper observed that petitioner had "glassy, bloodshot watery eyes" and that a strong odor of alcohol emanated from within the vehicle; when petitioner exited the vehicle, the trooper detected the odor of alcohol stemming from petitioner's breath. Based on these observations, petitioner's admission that he had consumed two beers earlier that night, petitioner's poor performance on field sobriety tests and his positive alcohol results on the portable breath test, the trooper had probable cause to believe that petitioner had been driving while intoxicated, in violation of Vehicle and Traffic Law § 1192, and, consequently, the trooper conducted a lawful arrest (see People v Perez, 213 AD3d 984. 985-986 [3d Dept 2023]; Matter of Sherwood v New York State Dept. of Motor Vehs., 153 AD3d at 1024-1025).
After arresting petitioner, the trooper provided him with a clear warning that failure to submit to a chemical test would lead to the revocation of petitioner's driving privileges, regardless of the outcome in the criminal action. The report asserted, and petitioner admitted, that he refused three requests to submit to a chemical test. Under these circumstances, and deferring to the ALJ's credibility determinations, we find that the DMV's decision to revoke petitioner's driver's license and its decision to revoke his commercial driving privileges are both supported by substantial evidence (see Vehicle and Traffic Law § 1194 [2] [d] [1] [a], [c]; Matter of Sherwood v New York State Dept. of Motor Vehs., 153 AD3d at 1025; Matter [*3]of Berlin v New York State Dept. of Motor Vehs., 80 AD3d 911, 913 [3d Dept 2011]; Matter of Giacone v Jackson, 267 AD2d 673, 674 [3d Dept 1999], lv denied 94 NY2d 762 [2000]).
Petitioner raises various other arguments that do not warrant extended discussion. As petitioner correctly notes, the ALJ erred in checking a box stating that she took a negative inference against petitioner due to his failure to testify. As the ALJ placed her clear findings on the record at the conclusion of the hearing — including a finding that she did not find petitioner's testimony credible — the record is clear that the determinations were not premised on such negative inference and, as such, checking the box was harmless error (see Matter of Lebron v New York State Dept. of Corr. & Community Supervision, 200 AD3d 1385, 1386 [3d Dept 2021]; Matter of Shearer v Annucci, 155 AD3d 1277, 1279 [3d Dept 2017]). Further, petitioner failed to "set forth a factual demonstration supporting the allegation [of bias] as well as prove that the administrative outcome flowed from it" (Matter of Sherwood v New York State Dept. of Motor Vehs., 153 AD3d at 1025 [internal quotation marks and citations omitted]). Petitioner's remaining contentions, to the extent not expressly addressed herein, have been examined and found to lack merit.
Egan Jr., J.P., Lynch, Pritzker and Ceresia, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.

Footnotes

Footnote 1: Petitioner had been informed at an earlier scheduled hearing that he must subpoena the trooper to preserve any argument regarding the trooper's failure to appear. Petitioner failed to do so.

Footnote 2: Although the ALJ found that petitioner's testimony lacked credibility, we note that petitioner's own version of events also amounted to a violation of Vehicle and Traffic Law § 1111 (d) (1).