Matter of Lisowski v New York State Dept. of Motor Vehs. (2024 NY Slip Op 02430)

Matter of Lisowski v New York State Dept. of Motor Vehs.

2024 NY Slip Op 02430

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, OGDEN, NOWAK, AND DELCONTE, JJ.

232 TP 23-01625

[*1]IN THE MATTER OF GERALD D. LISOWSKI, PETITIONER,
v
NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES, THE APPEALS BOARD OF ADMINISTRATION ADJUDICATION BUREAU STATE DEPARTMENT OF MOTOR VEHICLES AND MARK J.F. SCHROEDER, IN HIS OFFICIAL CAPACITY AS COMMISSIONER OF DEPARTMENT OF MOTOR VEHICLES OF STATE OF NEW YORK, RESPONDENTS. 

CIMASI LAW OFFICE, AMHERST (MICHAEL C. CIMASI OF COUNSEL), AND LIPPES & LIPPES, BUFFALO, FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (OWEN DEMUTH OF COUNSEL), FOR RESPONDENTS. 

 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Kelly A. Vacco, J.], entered September 19, 2023) to review a determination of respondents. The determination revoked the driver's license of petitioner. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination revoking his driver's license based on his refusal to submit to a chemical test following his arrest for driving while intoxicated. Petitioner contends that the police lacked reasonable grounds to believe that he had been driving while intoxicated or impaired, which is a prerequisite for suspension of his license under Vehicle and Traffic Law § 1194 (2) (a) (1), and that the arresting officer's approach of his vehicle was unlawful under People v De Bour (40 NY2d 210 [1976]). Because petitioner did not advance those contentions at the administrative hearing, however, he failed to preserve them for our review (see generally Matter of Khan v New York State Dept. of Health, 96 NY2d 879, 880 [2001]; Matter of Reuss v Schroeder, 217 AD3d 1083, 1084 [3d Dept 2023]), and we have no discretionary authority to review those contentions in this CPLR article 78 proceeding (see Khan, 96 NY2d at 880; Matter of Parsons v New York State Dept. of Motor Vehs. Appeals Bd., 224 AD3d 1263, 1264 [4th Dept 2024]).
We reject petitioner's further contention that the Department of Motor Vehicles Appeals Board improperly drew an adverse inference against him based upon his failure to testify at the hearing (see Matter of Vasquez v Egan, 174 AD3d 811, 813 [2d Dept 2019]; Matter of Barr v New York State Dept. of Motor Vehs., 155 AD3d 1159, 1161 [3d Dept 2017], lv denied 31 NY3d 907 [2018]; Matter of Peeso v Fiala, 130 AD3d 1442, 1443-1444 [4th Dept 2015], lv denied 26 NY3d 910 [2015]).
We have reviewed petitioner's remaining contentions and conclude that none warrants annulment of the determination.
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court