Matter of Martinez-Martinez v Schroeder (2025 NY Slip Op 01268)

Matter of Martinez-Martinez v Schroeder

2025 NY Slip Op 01268

Decided on March 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 6, 2025

CV-23-1221
[*1]In the Matter of Yairzinho Martinez-Martinez, Petitioner,
v
Mark J.F. Schroeder, as Commissioner of Motor Vehicles, et al., Respondents.

Calendar Date:January 7, 2025

Before:Clark, J.P., Reynolds Fitzgerald, Ceresia, McShan and Powers, JJ.

James Kleinbaum, Attorney at Law, PC, Chatham (John W. Hillman of counsel), for petitioner.
Letitia James, Attorney General, Albany (Douglas E. Wagner of counsel), for respondents.

Ceresia, J.
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent Department of Motor Vehicles revoking petitioner's driver's license.
In April 2022, petitioner was pulled over by state troopers while driving in the Town of Chatham, Columbia County. According to the troopers' written report, after petitioner was arrested for driving while intoxicated, he refused to submit to a chemical test of his breath. Despite being warned three times of the consequences, petitioner persisted in his refusal, which resulted in the suspension of his driver's license. In October 2022, a revocation hearing was held before an Administrative Law Judge (hereinafter ALJ). Neither the arresting troopers nor petitioner testified. Relying upon the written report, the ALJ revoked petitioner's driver's license. Petitioner administratively appealed, and the ALJ's determination was affirmed. Petitioner then commenced this CPLR article 78 proceeding to review the license revocation, and the proceeding was transferred to this Court (see CPLR 7804 [g]).
Before a driver's license can be revoked for refusing to submit to a chemical test, the motorist has the right to a hearing to determine, among other things, whether they were given clear and unequivocal warning that such refusal would result in the immediate suspension and ultimate revocation of their license (see Vehicle and Traffic Law § 1194 [2] [c]; Matter of Reuss v Schroeder, 217 AD3d 1083, 1085 [3d Dept 2023]). The administrative determination will be upheld so long as it is supported by substantial evidence (see Matter of Barr v New York State Dept. of Motor Vehs., 155 AD3d 1159, 1160 [3d Dept 2017], lv denied 31 NY3d 907 [2018]).
Petitioner contends that the revocation was improper because he declined to take a chemical test before being adequately apprised of the consequences. In support of this claim, he points to the written report, which indicates that petitioner refused the test at 4:16 a.m., but was not given refusal warnings until 4:17, 4:18 and 4:19 a.m. Petitioner's argument is misplaced. "The duty to give the warning is triggered if the motorist is asked to take a chemical test and declines to do so. If, after being advised of the effect of such a refusal, the motorist nonetheless withholds consent, the motorist may be subjected to the statutory consequences" (People v Smith, 18 NY3d 544, 549 [2012]). The written report reflects that petitioner declined to take the test, was then warned three times of the consequences of refusing and persisted in his refusal. Thus, the revocation of petitioner's driver's license was supported by substantial evidence and will not be disturbed (see Matter of Reuss v Schroeder, 217 AD3d at 1086; Matter of Giacone v Jackson, 267 AD2d 673, 674 [3d Dept 1999], lv denied 94 NY2d 762 [2000]).
Clark, J.P., Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ADJUDGED that the determination [*2]is confirmed, without costs, and petition dismissed.